# MARYLAND REPORTS.

## JUNE TERM, A. D., 1864.

### JOHN FULLERTON ET AL. *vs.* WILLIAM D. MILLER.

APPEAL BOND.—Although there was no Statute, prior to the Code, providing for a bond in case of appeal from an order dissolving an injunction, where such a bond is given it is not for that reason void.

———: PRACTICE IN EQUITY.—The power of Courts of Chancery in Maryland to take appeal bonds without any statutory enactment, conferring that authority, has never been doubted.

For many years after the passage of the Act of 1713, ch 4, which prescribes the bond in appeals from judgments at law, it was the practice of Courts of Chancery to follow, by analogy, the provisions of that Act.

The acceptance of the appeal bond, sued on in this case, the appeal having been from an order dissolving an injunction, was within the powers of the Circuit Court, and the effect of the bond, when given and approved, was to stay the operation of the order appealed from.

APPEAL BOND—CONSTRUCTION OF: PRINCIPAL AND SURETY: PRACTICE IN EQUITY.— In an action against the surety on an appeal bond given in a case of appeal from an order dissolving an injunction, the condition of the bond was "to prosecute the said appeal with effect, and in case the order dissolving the said injunction shall be affirmed, shall satisfy and pay all and singular the damages, charges and costs decreed by the Circuit Court, as also all costs and damages that shall be awarded by the Court of Appeals." HELD:—

1st. "That the liability of a surety is not to be extended by implication beyond the terms of his contract."

2nd. That to hold the surety in this case bound to pay anything more than the damages, costs and charges awarded by the Circuit Court and the Court of Appeals—that is to say, to pay whatever damages the appellants suffered by reason of the appeal—would enlarge the obligation of the surety beyond the terms of his contract.

1    v. 22.

3rd.   That the bond should have been given in such terms as would have secured to the other parties in the cause indemnity for all damages suffered by reason of the appeal, and if it had followed the form prescribed by the Act of 1853, ch. 374, in analogous cases, and which is now required by the Code, Art. 5, sec. 23, it would have been sufficient for that purpose.

4th.   That the bond being insufficient, the other parties, by application to the Court in which the cause was pending, might have compelled the then appellants to have executed another in proper from; but having failed to do so, it is not in the power of the Appellate Court to aid them by construing this contract so as to cover the damages claimed, which are considered not within its terms.

APPEAL from the Superior Court of Baltimore City:

This was an action upon an appeal bond, docketed by consent January 9th, 1858, between the appellants as plaintiffs and the appellee as defendant. The case is stated in the opinion of this Court.

The cause was argued before BARTOL, GOLDSBOROUGH and COCHRAN, J.

*Wm. S. Bryan,* for the appellants:

1. At common law the plaintiff would have been entitled to recover the penalty of the bond. By the Statute of 8 and 9 William III. the damages sustained would have been ascertained by a jury, and such should be the rule in this case. When the Court of Appeals affirmed the order of the Circuit Court, dissolving the injunction, a failure to prosecute the appeal with effect occurred, and the condition of the appeal bond was broken. *Karthaus vs. Owings,* 6 *H. & J.* 134. Same case, 2 *G. & J.* 430.

2. By this breach the appellants became entitled to damages, and the measure of the damages was the injury they sustained by the appeal. *Karthaus vs. Owings, ubi supra. Wood's Ex. vs. Fulton,* 2 *H. & G.* 71.

3. By the appeal, the appellant, Fullerton, was prevented from prosecuting his claim for the debt mentioned in the drafts, and in consequence of the delay thus

caused, he lost the sums due him by the McEldowneys. *Smith vs. Dorsey*, 6 *H. & J.* 261. *Thompson vs. McKim*, 6 *H. & J.* 302. Act of 1826, ch. 200, sec. 1.

4. To recover the loss thus sustained by Fullerton, it was necessary and proper that the action should have been brought by all the obligees. *Wallis et al. vs. Dilley et al.* 7 *Md.* 238.

5. The defendant by his plea admitted the *factum* of the appeal bond, and assumed the burden of proving that he had prosecuted his appeal with effect. The execution and approval of the bond were also admitted by counsel at the trial. By the execution of the bond, the obligors were estopped to deny any of the recitals in it, such as the issuing of the injunction, its dissolution, &c. Under the pleadings and admission of counsel therefore, nothing remained to be found by the jury but the affirmance of the order of dissolution by the Court of Appeals and the facts showing the damage caused by the appeal. These questions were submitted to them by the prayers. *Lloyd vs. Burgess*, 4 *Gill*, 187—followed and approved by *Hardey vs. Coe*, 5 *Gill*, 189, and *Frantz vs. Smith*, 5 *Gill*, 280.

6. The appellee's 4th point raises a question not made in the Court below; but waiving this, the question of indebtedness is one of fact properly left to the jury. *Gardiner vs. Lewis*, 7 *Gill*, 388. *Green & Trammel vs. Trieber*, 3 *Md. Rep.*, 13.

7. In reference to appeals from orders dissolving injunctions, appeal bonds, and their effect, I refer to Acts of 1832, ch. 197; 1843, ch. 73; 1713, ch. 4, and 1826, ch. 200.

*Wm. A. Fisher*, for the appellee:

1. The appellants could claim under the condition of the appeal bond only the "damages, charges and costs decreed by the Circuit Court," and the "costs and damages awarded by the Court of Appeals," and those have

been paid by the appellee.    The obligation of the appellee under the bond cannot be enlarged beyond its terms. 2 *Parsons on Contracts, pp.* (7) and (11).    *Beall vs. Greenwade's Adm.* 9 *Md.* 193.    *Webster's Dictionary, "Award."* *Janney vs. Sprigg,* 7 *Gill,* 202.

2.  If the bond was not sufficiently comprehensive under the circumstances, the appellants were not stayed, and should have proceeded *non obstante*—they cannot enlarge the appellee's contract.    Act of 1826, ch. 200, sec. 1. *Johnson vs. Goldsborough,* 1 *H. & J.* 499.

3.  But it is insisted that even if the Court can look to the Act of Assembly, the appellee can be rendered liable only for the costs in the Circuit Court and Court of Appeals.    Act of 1826, ch. 200, sec. 1.    *Wood vs. Fulton & Starck,* 2 *H. & G.* 77.    *Smith vs. Dorsey,* 6 *H. & J.* 263. *Eppes vs. Thurman,* 4 *Randolph,* (*Va.*) 384.    *McKay vs. Hites, Ex.* 4 *Randolph,* (*Va.*) 564.

The appeal bond sued upon, stayed any execution upon the decree, but did not prevent the collection of the bills.    Act of 1826, ch. 200, sec. 1.    *Jacob's Law Dictionary, "Execution."*    *Thompson vs. McKim,* 6 *H. & J.* 332.

4.  The prayers of the appellants are also defective, because they submit to the jury the question whether "Robert and John McEldowney were *indebted*" to the plaintiff Fullerton, "on the drafts mentioned in the injunction;" whereas of such indebtedness there was no legally sufficient evidence offered, and the question of *"indebtedness"* involved a matter of law for the Court; and because they are based upon the assumption that the appeal and bond legally prevented the collection of the bills.    *Handy vs. Johnson,* 5 *Md. Rep.* 466.    *Creamer vs. Stephenson,* 15 *Md. Rep.* 223.

5.  Code, Art. 25, sec. 23, title "Appeals from Courts of Equity," and secs. 29, et seq., title "Appeals from Courts of Law or Equity."

BARTOL, J., delivered the opinion of this Court:

This was an action on an appeal bond, docketed by consent, between the appellants as plaintiffs and the appellee as defendant. No question arises upon the pleadings. The facts appearing in the bill of exceptions, so far as it is material to state them, are that Robert and John McEldowney exhibited in the Circuit Court, for Baltimore City, their bill of complaint against John Fullerton and others, and obtained an injunction against Fullerton and the other respondents, restraining them from negotiating or collecting certain two sight drafts for $2,500, each payable to the order of Fullerton, and drawn by R. McEldowney & Co. &c. The injunction was dissolved by the order of the Circuit Court on the 14th of November 1855, from which order an appeal was taken, and the appeal bond sued on was executed; the appellee being one of the sureties and obligors therein. The order of the Circuit Court dissolving the injunction was affirmed by the Court of Appeals on the 22d day of June 1857. It was admitted that R. and J. McEldowney were in business and in good credit, and paying their notes at the time of the appeal, and that they continued in good credit until some time in December 1856, when they failed in business and became insolvent. The two drafts held by Fullerton, mentioned in the injunction were produced, and were admitted to have been drawn and signed by McEldowney & Co. It was also admitted that the defendants in this suit had paid to the plaintiffs all the costs decreed, in the Chancery cause, by the Circuit Court and the Court of Appeals. A verdict was rendered by the jury for the plaintiffs for nominal damages, upon which judgment was entered, and the plaintiffs prosecuted this appeal; assigning for error the rejection by the Superior Court of two prayers offered by them, to the refusal of which they excepted. These prayers present the question of the

measure or *quantum* of damages the plaintiffs were entitled to recover, and assert the propositions that the appeal prevented the plaintiffs from attempting to collect, negotiate, or protest the drafts mentioned in the injunction, while the appeal was pending; and if the jury should find the amount of the drafts could have been collected if the appeal had not been taken, and that it was lost to Fullerton, by reason of the delay caused by the appeal, then the plaintiffs were entitled to recover the amount of the loss so sustained by Fullerton. The decision of the question presented by this exception depends upon the construction of the condition of the bond, which is in these words, "Now the condition of the above obligation is such, that if the said complainants shall not cause a transcript of the record and proceedings of the said orders to be transmitted to the Court of Appeals, within the term required by law, and prosecute the said appeal with effect, and satisfy and pay unto the said defendants, or to such of them as may be entitled thereto, their executors, administrators and assigns, in case the said last mentioned order dissolving the said injunction shall be affirmed, as well all and singular the damages, charges and costs, decreed by the Circuit Court aforesaid, to be paid by R. McEldowney & Co., as also, all costs and damages that shall be awarded by the Court of Appeals, then this bond to be of full force and effect, otherwise of no effect."

Before expressing our opinion upon the construction of the words of this condition, we shall consider: First, the power and authority of the Chancery Court to require an appeal bond in such a case: And secondly, the effect of the bond when approved, in staying the operation of the order appealed from. Prior to the Act of 1832, ch. 197, no appeal was allowed from an order refusing to grant an injunction, or an order dissolving an injunction. By that Act the privilege of an appeal from such order was granted

to any person aggrieved, upon the *allocution* of the Judges of the Court of Appeals, or any one of them being first obtained, in the manner prescribed by the Act. By the Act of 1843, ch. 73, the right of appeal was granted in such cases. But no provision is made by that Act or any subsequent law (previous to the adoption of the Code) for giving an appeal bond. The Act of 1853, ch. 374, applying only to appeals from orders granting injunctions, or appointing receivers, or refusing to dissolve injunctions, requires a bond to stay the operation of such orders, and prescribes its condition. There being no express statutory enactment providing for an appeal bond, in a case like this, we have next to inquire whether it comes within the provisons of the Act of 1826, ch. 200. At the time that Act was passed, an appeal in Chancery would lie only from final decrees or orders in the nature of final decrees;—from an order dissolving an injunction, being merely interlocutory, no right of appeal existed. That Act would seem to be inapplicable here, and this is the more manifest from its language, which declares that " no execution upon any judgment or decree in any County Court, or other inferior Court, or in the Court of Chancery; shall be stayed or delayed" unless a bond be given such as the Act prescribes. These terms show that the Act refers to, and was intended to embrace only final judgments, and decrees; and the condition of the bond prescribed is adapted to the purpose designed, of indemnifying the appellee for the delay of execution. We think the appeal in the recital of this bond, was not within the provisions of the Act of 1826.

But although there was no statute, (prior to the Code,) providing for a bond in case of appeal from an order dissolving an injunction, we are of opinion the bond is not void for that reason. The power of Courts of Chancery in Maryland, to take appeal bonds, without any statutory enactment conferring that authority, has never been

doubted. For many years after the passage of the Act of 1713, ch. 4, which prescribes the bond in appeals from judgments at law, it was the practice of Courts of Chancery, to follow by analogy the provisions of that Act; and we are of opinion that it was within the power of the Circuit Court to accept an appeal bond in the case before us, and that the effect of the bond when given and approved, was to stay the operation of the order appealed from. See *Smith vs. Dorsey*, 6 *H. & J.* 261. *Thompson vs. McKim*, 6 *H. & J.* 302, 333, and *Blondheim vs. Moore*, 11 *Md.* 365. The case last cited was a decision upon the effect of a bond under the Act of 1853, ch. 374. We now proceed to consider the extent of the appellee's obligation upon this bond, which is the main question in the case, and depends upon the true construction of the words of the condition. The appellants contend that by the failure to prosecute the appeal with effect, the condition was broken, the right of action thereupon accrued, and that the measure of damages is the loss occasioned by the appeal, which in this case is alleged to be the amount of the drafts. If we were at liberty to decide this case upon the principles of equity growing out of the relations of the parties, or their probable intentions in the execution of the bond, we should have little hesitation in assenting to the appellants' views. But the obligation of the appellee is defined and limited by the terms of the bond, and cannot be extended beyond their legal import and effect, upon the ground of the supposed intention of the parties, or any other merely equitable consideration.

"The liability of a surety is not to be extended by implication beyond the terms of his contract." 9 *Wheaton*, 703. 2 *N. P.* (5 *Bos. & Pul.*) 180. 12 *East.* 405, cited in 14 *Md.* 366. By the terms of the bond the obligors bound themselves to prosecute the appeal with effect, and in the event of a failure to do do so, the condition expressly declares what the obligors shall pay. Trans-

Fullerton et al. *vs.* Miller.

posing the words, without changing their sense, they are "and prosecute the said appeal with effect, and in case the said last mentioned order dissolving the said injunction shall be affirmed," (that is, in case they shall fail to prosecute the said appeal with effect,) "shall satisfy and pay all and singular the damages, charges and costs decreed by the Circuit Court, as also all costs and damages that shall be awarded by the Court of Appeals." Now the appellants contend that the appellee is bound to pay something more than the damages, costs and charges awarded by the Circuit Court and the Court of Appeals. That is to say, to pay whatever damages these appellants suffered by reason of that appeal. In our opinion such a construction would enlarge the obligation of the appellee beyond the terms of his contract.

No doubt the bond ought to have been given in such terms as would have secured to the other parties in the cause, indemnity for the loss complained of here. If it had followed the form prescribed by the Act of 1853, ch. 374, in analogous cases, and which is now required by the Code, Art. 5, sec. 23, it would have been sufficient for that purpose. The bond being insufficient, the other parties, by application to the Court in which the cause was pending, might have compelled the then appellants to have executed another in proper form, but having failed to do so, it is not now in our power to aid them, by construing this contract so as to cover the damages claimed, which we think are not within its terms.

*Judgment affirmed.*

Decided June 8th, 1864.