(Decided 7th March, 1877.)

---

ADOLPH ENGLER *vs.* PEOPLE'S FIRE INSURANCE COMPANY OF BALTIMORE.

*Principal and Surety—Notice—Action on the Bond of the Secretary of a Corporation, and questions touching the Construction of the Condition of the bond and the extent of the liability of the Sureties.*

J. S. was appointed secretary of an insurance company, and as such gave the company a bond with two sureties, conditioned that "if the above named J. S. shall faithfully perform his duties as secretary of the said P. F. Insurance Company of Baltimore, during the time he holds said office, *and shall*

*account for all the money which shall come into his hands as such secretary,* then this obligation to be void, &c."

By the 4th Art. of the by-laws of the company, after specifying certain duties to be performed by the secretary, he was required "in general to perform such other duties as may be referred to him by the board of directors or the standing committee." In an action on this bond brought by the company against the principal and sureties, to recover certain moneys of the company, which the secretary had received and misappropriated, it was HELD:

1st. That the fact of the execution of the bond, and its remission to and retention by the company, until its production at the trial, was sufficient evidence of its acceptance and approval by the company, and the sureties were not entitled to express notice of its acceptance and approval.

2nd. That under the 4th Article of the by-laws, the secretary might have been entrusted with the custody of the funds of the company, and a prayer limiting the responsibility of the sureties to any breach of the duties prescribed in said Article, and excluding the custody or safe-keeping of the funds of the plaintiff as one of those duties, was erroneous.

3rd. That the bond upon a fair construction of its terms stipulated for the secretary's honesty and fidelity as an officer of the company.

4th. That if the secretary was entrusted with the funds of the company; notwithstanding it was also the prescribed duty of the president to receive the money paid to the company, and to deposit the same, and he was responsible for any failure of duty on his part; that did not relieve the secretary from responsibility for the faithful disposition of any funds confided to his care.

5th. That the unauthorized act of the president in entrusting funds to the secretary, could not discharge the secretary from the faithful preservation thereof.

6th. That the stipulation of the bond was an undertaking for the fidelity and honesty of the secretary commensurate with the scope of his duties; and the enumeration in the 4th Art. of the by-laws of certain things to be performed by him, did not supersede this obligation which pervaded every department of his official functions.

7th. That the company had the right under this stipulation to insist upon indemnity for any deviation from the line of his duty to its prejudice.

8th. That the absence of any provision to the contrary, such is the necessary import of the terms of the contract, and the sureties in executing the bond must be held as stipulating to this effect.

Engler *vs.* People's Fire Ins. Co.

Whilst it is an undoubted proposition, that the liability of the surety is not to be extended by implication beyond the terms of his written contract, by which his responsibility is to be measured, the bond constituting such contract must have such construction given to it as to carry out the intention of the parties thereto, and in this respect there is no difference between such contract and any other.

APPEAL from the Superior Court of Baltimore City.

This was an action brought by the appellee against John Siebrecht, as principal, and August Engler and Adolph Engler as sureties, on a bond given for the faithful performance by John Siebrecht, of the duties of the office of secretary of the appellee. The condition of the bond was, " that if the above named John Siebrecht shall faithfully perform his duties as secretary of the said Peoples' Fire Insurance Company of Baltimore, during the time he holds said office, and shall account for all the money which shall come into his hands as such secretary, then this obligation shall be void, otherwise the same shall remain in full force and virtue."

And the 4th Article of the by-laws of the company, defining the duties of the secretary is as follows:

"Art. 4. It shall be the duty of the secretary to attend daily at the office during the business hours of the company, to keep the accounts and books of the company in proper order, and ready for inspection when called upon by either standing committee, to countersign all policies of insurance, renewals of policies and certificates of stock, to countersign all conveyances of real estate and releases of mortgages, and all other papers and acts to which the seal of the company is affixed, to attend the meetings of the board of directors, and keep the minutes of their proceedings, to attend the meetings of the standing committees, and keep the minutes of their proceedings, to report at the monthly meeting of the board of directors a statement of the receipts and disbursements of the preceding month, and half yearly, a full and complete state-

ment of all the property and the effects of the company, to wit : real estate, stocks and bonds, loans on real estate, loans on stocks and United States' bonds, cash on hand, and all debts and claims due to or by the company, to prepare for publication the annual statement, *and, in general, to perform such other duties as may be* referred to him by the board of directors or by the *standing committees*.    The secretary shall give satisfactory security for the faithful performance of his duties, in a sum not less than $2000, to be approved by the finance committee.    In case of sickness of the secretary, the president shall appoint some person to perform the duties of the secretary, until the board of directors shall be convened."

The appellant appeared to the action, and pleaded general performance on the part of his principal, and upon this plea issue was joined.

*Exception.*—At the trial, the defendant offered the four following prayers :

1. If the jury shall find from the evidence that John Siebrecht was appointed secretary of the plaintiff at or about March 9th, 1871, and entered upon the duties of the said office, under the charter and by-laws offered in evidence, and that Art. 4 of said by-laws, prescribes the duties and obligations of said secretary, and that the defendant executed the bond to the plaintiff offered in evidence, to secure the faithful discharge of the office of said secretary, that then the defendant is only responsible for any breach of duty on the part of said secretary, which is contained in the said article prescribing said duty ; and if the jury find that the said secretary was entrusted with the care and custody or safe-keeping of the funds of the plaintiff, that then such duty is not within the provisions of said article, and plaintiff is not entitled to recover.

2. The defendant respectfully moves the Court to instruct the jury, that under the charter and by-laws of the plaintiff, offered in evidence in this case, the duties of the

secretary of the plaintiff are prescribed in Article 3 of the same, and could not be enlarged or varied in any manner, unless the same were referred to him by the board of directors or by the standing committee; and if the jury find that he was entrusted with the safe-keeping and depositing of the moneys of the plaintiff, without the order and direction of said board or standing committee, as above stated, that then any defalcation of said Siebrecht as secretary, is not embraced within the terms and conditions of the bond of said secretary, and the plaintiff is not entitled to recover.

3. That Article 3 of the charter and by-laws of the plaintiff, makes it the duty of the president of the company to receive all moneys paid to the company or plaintiff, and to deposit the same, as stated in said article; and if the jury find that the said president, instead of receiving such money and making said deposit himself, entrusted the funds of said plaintiff to this John Siebrecht, secretary of the plaintiff, for that purpose, that then said president under the said article must be considered as relying upon the personal integrity and capacity of the said John Siebrecht, and not upon the official bond of said Siebrecht, as secretary, given for the faithful performance of his duties as secretary under Article 4 of said charter and by-laws, and the plaintiff is not entitled to recover.

4. If the jury find from the evidence that the defendant made and executed the bond offered in evidence, dated March 9th, 1871, the duties of John Siebrecht, as the secretary of the plaintiff, it then became the duty of the plaintiff to notify the defendant of the acceptance and approval of the same; and if the jury should find that the plaintiff did not give the defendant any such notice until some three years after the same had been made, to wit: about the month of March, 1875, when defalcation or breaches of duty had already been committed by Siebrecht *as secretary*, then the plaintiff is not entitled to recover.

The Court, (DOBBIN, J.,) refused all of said prayers; to which ruling the defendant excepted.

The jury rendered a verdict for the plaintiff, and judgment was entered accordingly. The defendant appealed.

The cause was argued before BARTOL, C. J., STEWART, BRENT, GRASON, MILLER and ROBINSON, J.

*John C. King*, for the appellant.

The charter and by-laws prescribe the duties and obligations of the secretary, and consequently the bond in question operates only to secure the faithful discharge of his duties as secretary, and the care and custody of the funds of this company are not within the provisions of the article. "A surety can only be charged where the case is brought within the very terms of his contract, and the Court will not go into an inquiry whether the surety has been injured by a departure from those terms." *Smith's Merc. Law*, 582; *Berkhead vs. Brown*, 5 *Hill*, 634, 640; *Edmondston vs. Drake*, 5 *Pet.*, 624, 629; *Dobbin vs. Bradley*, 17 *Wend.*, 422; *Walwrath vs. Thompson*, 4 *Hill*, 200; *Smith vs. Dann*, 5 *Hill*, 543.

The duties of the secretary being prescribed as stated, these duties could not be enlarged in any manner, or raised without the action of board of directors, and the bond of the secretary would not be responsible, because any departure from the express terms of the obligation would discharge the surety.

"If the surety's engagement relates to a particular office, it extends only to such things as were included in the office when the engagement was entered into." *Chitty on Contracts*, 523, (7th Am. Ed.;) *Leigh vs. Taylor*, 7 *B. & C.*, 491; *Russell vs. Perkins*, 1 *Mason*, 340; *Barker vs. Barker*, 1 *T. R.*, 287; *Dance vs. Girdler*, 1 *New R.*, 34; 8 *Clarke & Fin.*, 470.

It was the plain duty of the president, under the charter and by-laws, to receive the funds paid in and to deposit

them; and if instead of discharging that duty so required of him, he entrusted them to the secretary, then the president must be considered to have relied upon the personal integrity and capacity of Siebrecht. The defendant's bond could not be made responsible for any action of the principal on the bond, not embraced strictly within th provisions of the bond itself.

"A surety is entitled to a strict and literal performance by the creditor of the contract, in reference to which the guarantee was given." *Chitty on Contracts,* 529; *Miller vs. Steuart,* 9 *Wheat.,* 680; *Wright vs. John,* 8 *Wend.,* 512; *Bank of Wash. vs. Barrington,* 2 *Penna.,* 29; *Ware vs. Calvert,* 2 *N. & P.,* 126; *Sasscer vs. Young,* 6 *Gill & Johns.,* 243.

The appellant was entitled to notice of the approval and acceptance of the bond before his responsibility can be said to have actually arisen or became effectual.

"When the guaranty is prospective, and to attach upon future transactions and the guarantor is uninformed as to whether his guaranty has been accepted and acted upon or not, it is the settled doctrine in the Courts of the United States that notice of the acceptance must be given within a reasonable time." *Smith's Merc. Law,* 571; *Lee vs. Dick,* 10 *Peters,* 482; *Edmondston vs. Drake,* 5 *Peters,* 624; *Russel vs. Clark,* 7 *Cranch,* 91; *Train vs. Jones,* 11 *Vermont,* 444.

*Fielder C. Slingluff* and *Frederick W. Brune,* for the appellees.

There is nothing whatever inconsistent with the express terms of by-law No. 4, with the reception by the secretary of money or other valuables belonging to the company. In addition to the duties specifically set forth therein, he was, "in general, to perform such other duties as may be referred to him by the board of directors or by the standing committees."

The objection, therefore, to the appellant's first prayer is, that it instructs the jury that the reception by the secretary of money intrusted to him was not a part of his duty under Art. 4 of the by-laws.

This is false in fact, and the most the appellant could ask was, that this question should be left to the jury. He however, sought to take it away from them.

The second prayer is liable to the same objection. It assumes that the secretary was limited to the strict line of duty as laid out in Art. 4 of the by-laws, and that he had no other duties incident to his office, which were covered by his bond than those specifically set forth in said by-law. It assumes again, that it was necessary, if other duties were referred to the secretary, that the same should be done by formal action and recorded on the minutes of the company.

In addition to his specific duties, he had others, which necessarily arose from his position as secretary, which were the legitimate result of his position and strictly in the line of his duty. The by-laws in general prescribed his duties—but could not specify each act to be done by him. He was an employé as well as a secretary, and his bond covered both capacities.

A bond for fidelity as assistant book-keeper, secures fidelity and honesty as employé as well as good book-keeping. *Rochester Bank vs. Elwood,* 21 *N. Y.,* 88 *and* 94 ; *Barrington vs. Bank,* 14 *S. & R.,* 405 ; *Strawbridge vs. B. & O. R. R. Co.,* 14 *Md.,* 360.

By one of the by-laws of a bank, it was provided that every officer of the bank should perform such services as might be required of them by the president or cashier. A book-keeper gave a bond for the faithful performance of the duties of his office, "and of all other duties required of him in said bank." The book-keeper, while in the discharge of the other duties required of him, took large sums of money. The sureties were held liable. *Planters'*

*Bank vs. Lamkin, R. M. Charlton,* 29; *Minor vs. Mechanics' Bank,* 1 *Peters,* 46.

The answer to the second assumption is, that no possible harm has been done to the sureties by the failure of the appellants to have spread on its record, admitting such to be the fact, the duty of receiving money and depositing the same in bank. The condition of the bond contemplated this duty, in addition to the duties specifically set forth, and the sureties had due notice thereof when they signed the bond. The duty was imposed, and even if it were necessary to take final action of the board or standing committees in the premises, which the appellee denies, the sureties are in no manner placed in any new position by such failure. If no formal act was necessary to accept the bond, surely no formal act was necessary to impose duties which were strictly within the condition of the bond.

The second clause in the prayer instructs the jury to find the sureties not responsible, if they find that the secretary was entrusted with the safe-keeping and depositing of the moneys of the plaintiff, without the order and direction of the board or standing committees.

But if the evidence shows that the defalcation was not due to the fact that money was entrusted to the safe-keeping of the secretary, the jury must still find for the appellant.

The third prayer is based on the theory that the president had no authority to entrust money to the secretary, or to give the same to him to deposit in bank. The secretary was a bonded officer. It was strictly in the line of the duty of a secretary of an insurance company to receive money, and to deposit the same in bank, and unless this ordinary duty is restrained in the by-laws of this appellee in express terms, and the appellant acted in accordance therewith in signing the bond, the appellant can have no case. This seems to be the point most relied on by him to evade his act of suretyship.

The appellee contends that there is no such restraint in the by-laws, and that it was part of the ordinary duty of the secretary to receive and handle the money of the company. Unless it can be shown that the president of the company was a mere clerk in the office of the company and a runner to the bank, the duty of receiving money must have devolved on the secretary.

The law of the fourth prayer has long since been settled against the view of the appellant. A bond with sureties given by an officer of a corporation for the faithful performance of his duties, and found in the possession of the corporation, the officer having acted in his office, might, as in the case of natural persons, be presumed to be accepted by the corporation, although no vote of acceptance by the directors could be found on the record of the corporation. *Bank of the U. S. vs. Dandridge,* 12 *Wheat.,* 64; *Union Bank of Maryland vs. Ridgely,* 1 *H. & G.,* 324; *Angell & Ames on Corporations, sec.* 252; *R. R. Co. vs. Elwell,* 8 *Allen,* 371.

STEWART, J., delivered the opinion of the Court.

Exception has been taken by the appellant, to the refusal of his four prayers by the Superior Court of Baltimore City.

The bond of the appellant, upon which the suit was instituted, was admitted to have been executed by him in New York, and sent to the appellee, and to have been in its possession from its execution, until its production in Court.

It was ruled by this Court in the case of the *Union Bank of Md. vs. Ridgely,* 1 *H. & G.,* 324, that in the absence of any evidence to the contrary, the possession and production of such instrument, is sufficient *prima facie* evidence of the delivery and acceptance thereof.

There was consequently no error in the rejection of the appellant's fourth prayer.

By the 4th Article of the by-laws of the appellee, after specifying certain duties to be performed by the secretary, he was required to discharge such other duties as might be referred to him, by the board of directors or the standing committees.

Under this provision, the secretary might have been entrusted with the custody of the funds of the company, and the first prayer of the appellant could not have been granted without ignoring this obligation, and it was properly refused.

The appellants' second prayer was unsound, and calculated to mislead the jury.

Whilst recognizing the duty of the secretary to take care of the funds of the company referred to him by the directors or standing committee, the appellant sought an instruction, that if the jury found that he was entrusted with the keeping of the money of the company, without such reference, the appellee could not recover. If the proposition was correct to such extent, that would not debar the appellee from recovering for any other breach.

The condition of his bond provides, not only, that he shall account for all money coming into his hands as secretary; but further for the faithful performance of his duty as secretary, embracing not only the care of funds confided to him, but the general discharge of his official duty. In effect and upon a fair construction of its terms, stipulating for his honesty and fidelity as an officer of the company. The prayer was not commensurate with the duty, and there was no error in its refusal.

The third prayer of the appellant was properly rejected.

If the secretary was entrusted with the funds of the company, notwithstanding it was also the duty of the president, under Article 3 of the by-laws, to receive the money paid to the company, and to deposit the same, and who was responsible for any failure of duty on his part; that did not relieve the secretary from responsibility

for the faithful disposition of any funds confided to his care.

The unauthorized act of the president, in entrusting funds to the secretary, could not discharge the secretary from the faithful preservation thereof.

The bond stipulated for the faithful performance of the duty of the secretary. This was an undertaking for fidelity and honesty, commensurate with the scope of his duties ; and the enumeration of certain things by him to be performed by the by-law No. 4, did not supersede this obligation, which pervaded every department of his official functions. It was an engagement that he would not avail himself of his position, to misapply or embezzle any of the funds of the company, or resort to any unlawful or dishonest device, inconsistent with the due and proper performance of his trust.

The company had the right under such stipulation, to insist upon indemnity for any deviation from the line of his duty to their prejudice—unless there was some provision in the bond to the contrary, such is the necessary import of the terms of the contract, and the appellant, his security, in executing the bond, must be held as stipulating to that effect.

Whilst it is an undoubted proposition, that the liability of the surety is not to be extended by implication, beyond the terms of his written contract, by which his responsibility is to be measured ; the bond constituting the contract must have such construction given to it, as to carry out the intention of the parties thereto, and in this respect there is no difference between such contract and any other. *Strawbridge vs. B. & O. R. R.*, 14 *Md.*, 360 ; *Rochester City Bank vs. Elwood*, 21 *N. Y.*, 88 ; *Barrington vs. Bank of Washington*, 14 *Ser. & R.*, 405 ; *Minor vs. Mechanics' Bank*, 1 *Peters*, 41 ; *Mayne vs. Manhattan Ins. Co.*, 2 *Otto*, 93.

*Judgment affirmed.*

(Decided 7th March, 1877.)