## MARTIN KVEDERA et al. *v.* MARTIUS MONDRA-VISKY.

*Stay of Proceedings — Payment of Costs — Joint Judgment — Appeal Bond—Breach of Condition—Reversal as to One Party.*

Code, art. 75, sec. 74, empowering the court, in which a new trial has been ordered by the Court of Appeals, to stay all further proceedings in such action until the payment of all or any of the costs adjudged, does not authorize it to stay a suit upon the appeal bond.                                    p. 378

While a joint judgment against a husband and wife is a lien on their property by the entirety, it may also be made by

execution on their individual property, and consequently the stay of execution, by reason of the filing of a bond on appeal from such judgment, inures to the benefit of each individually as well as to them jointly, the legal effect being the same, as regards the stay of execution, as if each had given a separate bond.                                            pp. 380, 381

The liability of the sureties on an appeal bond cannot be extended or enlarged by implication, and must be measured by the contract as evidenced by the conditions of the bond.  p. 381

In determining the liability of sureties on an appeal bond, especially individual sureties becoming such without compensation, the language of the bond must be strictly construed in favor of the surety.                                   p. 381

An appeal bond should be given such construction as will carry out the intention of the parties thereto.           p. 383

Under a bond, given to stay execution on appeal from a joint judgment against two defendants, and conditioned to prosecute the appeal with effect, there is a breach of the condition unless such a reversal is secured on appeal as to leave no judgment standing which can be enforced against either defendant, and consequently the sureties are liable if the judgment is affirmed as to one defendant, though reversed as to the other.
                                                      pp. 382-384

*Decided January 12th, 1926.*

Appeal from the Superior Court of Baltimore City (FRANK, J.).

Action by Martius Mondravisky against Martin Kvedera and others. From a judgment for plaintiff, defendants appeal. Affirmed.

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, and PARKE, JJ.

*Richard E. Preece* and *Abram C. Joseph,* with whom were *Lindsay C. Spencer* and *Daniel C. Joseph* on the brief, for the appellants.

*Richard M. Duvall,* with whom were *Duvall, Baldwin & Bosley* on the brief, for the appellee.

DIGGES, J., delivered the opinion of the Court.

On June 19, 1923, a judgment was entered in the Court of Common Pleas of Baltimore City in favor of Martius Mondravisky against Martin Kvedera and Margaret Kvedera, his wife, for the sum of $2,700, with interest from June 19th, 1923, and costs of suit. From this judgment an appeal was taken to this Court by Martin Kvedera and Margaret Kvedera, the said appeal resulting in an affirmance of the judgment appealed from as to Martin Kvedera and a reversal of said judgment as to Margaret Kvedera and the case remanded for new trial as to her, the costs to be equally paid by the appellant, Martin Kvedera and the appellee, Martius Mondravisky. Shortly after the above decision, upon petition of Martin Kvedera and Margaret Kvedera in the Court of Common Pleas of Baltimore City, that court passed an order on May 13th, 1924: "That no further proceedings be taken in the above case until one-half the costs taxed by the clerk of this court and the clerk of the Court of Appeals be paid, unless cause to the contrary be shown on or before the 20th day of May, 1924; provided a copy of this order be served on the plaintiff or his attorney of record on or before the * * * day of May, 1924"; on the back of which order there appears: "Service admitted this 13th day of May, 1924." It is admitted that no part of the costs has been paid by the appellee in this case.

No further proceedings were had in that case, but the appellee instituted proceedings in the Superior Court of Baltimore city on the appeal bond filed in the case decided by this Court in 145 Md. 260. The suit on the bond was tried and resulted in a verdict and judgment for the plaintiff (appellee here) and against the appellants for the sum of $5,500, the penalty of the bond sued on, to be released upon the payment of $2,965, the sum found by the jury, with interest from February 12th, 1925, until paid, and costs. From that judgment this appeal is prosecuted. The bond in question reads:

"Know all men by these presents, that we, Martin Kvedera and Margaret Kvedera, Joseph Olevich, Stan-

islaw Jakubaietis and Mary, his wife, of Baltimore
City, in the State of Maryland, are held and firmly
bound unto Martius Mondravisky in the full and just
sum of $5,500 current money, to be paid to the said
Martius Mondravisky, his certain attorney, executors,
administrators and assigns; to the payment whereof,
well and truly to be made and done, we bind ourselves,
our heirs, executors and administrators, firmly by these
presents.

"Whereas, the said Martius Mondravisky has recov-
ered in the Court of Common Pleas, at the May Term
thereof, A. D. 1923, a judgment, from which judgment
the said Martin Kvedera and Margaret Kvedera, his
wife, hath prayed an appeal to the next Court of Ap-
peals, to be held for the State of Maryland.

"Now the condition of the above obligation is such,
that if Martin Kvedera and Margaret Kvedera afore-
said shall not cause a transcript of the record and pro-
ceedings to be transmitted to the next Court of Ap-
peals, within the time required by law, and prosecute
said appeal with effect; and also, satisfy and pay to the
said Martius Mondravisky, his executors, adminis-
trators and assigns, in case the said judgment shall be
affirmed, as well, the debt, damages and cost adjudged,
in the Court of Common Pleas aforesaid; as also, all
damages and costs that may be awarded by the Court
of Appeals, aforesaid; then the said bond to be in full
force and virtue; otherwise of no effect.

"In witness whereof, we have hereunto set our hands
and seals, this 10th day of September, 1923.

his

"Martin  X  Kvedera      (Seal)

mark

"Margaret Kvedera      (Seal)

"Joseph Olevich      (Seal)

"Stanislaw Jakubaietis   (Seal)

"Mary Jakubaietis      (Seal)

"Signed, sealed and delivered in the presence of:

"Richard E. Preece,

"James A. Henry."

The first contention of the appellant, Margaret Kvedera, is that at the time of the institution of the suit on the appeal bond the plaintiff was in no position to proceed against the principals, for the reason that the order of the Court of Common Pleas in respect to the payment of the costs, as directed by this Court, had not been complied with by the plaintiff below (appellee here). This contention cannot be maintained. The authority of the lower court for passing the order is contained in the Code, art. 75, sec. 74, which provides:

> "The court in which an action shall be after new trial has been ordered by the Court of Appeals, or by that court, shall have power to stay all further proceedings in such action until all or any of the costs adjudged by the Court of Appeals, or by that court, shall have been paid by the party adjudged to pay the same."

By the language of the statute, the power of the lower court is confined to cases pending therein, after a new trial has been ordered, either by the Court of Appeals or the lower court; it provides that no further proceedings shall be had *in such action,* namely, the action in which a new trial has been granted, until all costs are paid by the party adjudged to pay the same. The new trial awarded in this case was in a suit between the appellee and Margaret Kvedera, and the effect of the lower court's order was to prevent any further proceedings in that case until the costs should have been paid. The lower court's action was a proper exercise of the discretion committed to it by the statute, but the effect of the order is limited to the action in which a new trial has been awarded. That action was one between the appellee and Margaret Kvedera, while the case now before us is a suit upon the appeal bond by the obligee in said bond against the principals and sureties therein, in an endeavor to collect the judgment against Martin Kvedera which was affirmed by this Court. Therefore it will be clearly seen that section 74 of article 75, limiting the authority of the lower court to staying proceedings pending before it upon an award of a new trial, does not

extend to an action such as is now being considered. The
intent and purpose of the statute was to vest in the trial court
the authority to stay proceedings in cases where new trials
were awarded until the party against whom costs had been
adjudged had paid the same, and the proceeding thus stayed
is the action in which a new trial has been awarded.

The main question for decision on this appeal is: Are the
sureties on the appeal bond, and Margaret Kvedera, one of
the principals therein, liable where this Court in the former
appeal affirmed the judgment of the lower court as to one
of the defendants and reversed it as to the other? Prior
to the Act of 1920, ch. 229, codified as section 26 of article 5
of the Code of 1924, a joint judgment on appeal must have
been reversed or affirmed as to both. This legislation now em-
powers this Court, upon appeal, to reverse as to one and affirm
as to others, and has been applied in the cases of *Myers v.
Shipley,* 140 Md. 382; *McNamara v. Pabst,* 137 Md. 475;
*Pollock v. Watts,* 142 Md. 407, and *Kvedera v. Mondra-
vitzky,* 145 Md. 260. The bond now under consideration is
provided for by section 57 of article 5 of the Code, and has
remained in substantially the same form since the Act of
1713, ch. 4. This section provides:

"No execution upon any judgment or decree in any
court of law or equity shall be stayed or delayed, unless
the person against whom such judgment or decree shall
be rendered or passed, his heirs, executors, or adminis-
trators, or some other person in his or their behalf,
shall immediately, upon praying an appeal from any
such judgment or decree, or suing out a writ of error
upon any such judgment, enter into bond with suffi-
cient securities in at least double the sum recovered by
such judgment or decree, or in double the value of the
matter or thing in controversy, which shall have been
recovered or decreed, if a movable chattel or chattels,
to be estimated by the court from whose judgment or
decree the said appeal shall be made or writ of error
directed, with condition as follows or to the following
effect: 'That if the said party appellant, or party suing
out such writ of error, shall not cause a transcript of

the record and proceedings of the said judgment or decree to be transmitted to the Court of Appeals within the time required by law, and prosecute the said appeal or writ of error with effect, and also satisfy and pay to the said party in whose favor such judgment or decree was rendered or passed, his executors, administrators or assigns, in case the said judgment or decree shall be affirmed, as well the debt, damages and costs, or the damages or sum of money or other matter or thing, and costs, adjudged in the court from which the appeal is taken, or writ of error sued out, as also all damages and costs that may be awarded by the Court of Appeals, then the said bond to be and remain in full force and virtue, otherwise of no effect."

It is clear that the purpose of the bond thus provided for is to stay execution upon the judgment pending the appeal, and the statute provides the various conditions which the bond must contain, namely, that the appellant shall cause a transcript of the record to be transmitted to the Court of Appeals within the time prescribed by law, that he shall prosecute the appeal with effect, and that he shall satisfy and pay to the party in whose favor the judgment or decree appealed from was rendered, in case said judgment or decree be affirmed, the debt, damages and costs adjudged in the court from which the appeal is taken, as also the damages and costs that may be awarded by this Court. Section 58 requires the judge or clerk of the court from which the appeal is taken to approve any bond under the preceding section upon an affidavit being made that the appeal is not taken for delay; and section 62 of the same article provides:

"No bond required by this article to be executed for the purpose of staying or delaying execution upon any judgment or decree which shall be approved shall be avoided for any matter of form."

It will be noted that section 57 sets out the required conditions of the bond and provides that those conditions, or conditions to like effect, shall be sufficient. The bond sued on

in this case is in strict conformity with the statute, and its purpose was to stay execution on the judgment appealed from, which judgment was against Martin Kvedera and Margaret Kvedera jointly and severally. Being a joint judgment, it became a lien, from its rendition, upon the property held by the entirety by the defendants. *Frey v. McGaw,* 127 Md. 23. While this judgment, being against husband and wife, was a lien upon their entirety property, it was not confined to such property, but might have been made by execution upon the individual property of either of the defendants as well as upon their joint property; therefore the effect of the appeal bond was to stay execution against the individual property as well as the joint property of the defendants, and for this reason the stay of execution, by reason of filing the bond, inured to the benefit of each of the defendants individually as well as to them jointly. The legal effect of the bond, so far as it prevented execution by the judgment creditor, was precisely the same as if two appeal bonds had been given by the defendants separately, with the sureties that are on the joint bond signing each of the separate bonds, together with the two principals. The objects to be attained by giving the bonds, to wit, a hearing of the case on appeal in this Court, and the stay of execution on the judgment, were as fully and completely accomplished by the bond now before us as would have been the case had two separate bonds been given. The liability of the sureties on the bond cannot be extended or enlarged by implication, and must be measured by the contract as evidenced by the conditions of the bond. *Miller v. Stewart,* 9 Wheat. 703; *Strawbridge v. R. R. Co.,* 14 Md. 366; *Fullerton v. Miller,* 22 Md. 1; *McShane v. Howard Bank,* 73 Md. 135. And in determining the liability of the sureties (certainly individual sureties who become such without compensation for the risk assumed) the language of the bond, which constitutes the contract entered into by them, must be strictly construed in favor of the surety. It is said in *Engler v. People's Fire Ins. Co.,* 46 Md. 322: "Whilst it is an undoubted proposition that the liability of the surety is

not to be extended by implication beyond the terms of his written contract, by which his responsibility is to be measured, the bond constituting such contract must have such construction given to it as to carry out the intention of the parties thereto, and in this respect there is no difference between such contract and any other." *Hooper v. Hooper,* 81 Md. 169; *McShane v. Howard Bank,* 73 Md. at p. 150.

In the light of this rule and the canons of construction to be applied thereto, we will now examine the contract as contained in the conditions of the bond. It is contended by the appellants that there has been no breach in any of these conditions and therefore the sureties are not liable, while the appellee contends that the condition of the bond requiring the appellants, Martin Kvedera and Margaret Kvedera, to prosecute their former appeal with effect, was broken by an affirmance in this Court of the judgment as to Martin Kvedera, and that because of such affirmance the obligors are bound to pay the judgment and costs. The phrase "prosecute with effect" has been judicially defined by this Court in the case of *Karthaus v. Owings,* 6 H. & J. 134. It was there said: "On the part of the appellant it was contended that the words 'prosecute with effect' mean that the party praying the appeal shall prosecute it to final judgment, while the other side insisted that these words imposed on the appellant the necessity of prosecuting the appeal to a successful termination, or a reversal of the judgment. This Court are of the opinion that the construction adopted by the appellee's counsel is the correct one." In *Fullerton v. Miller,* 22 Md. 1, it is said: "By the terms of the bond the obligors bound themselves to prosecute the appeal with effect, and in the event of a failure to do so, the condition expressly declares what the obligors shall pay. Transposing the words without changing their sense, they are, 'and prosecute the said appeal with effect, and in case the said last-mentioned order dissolving the said injunction shall be affirmed,' (that is, in case they shall fail to prosecute the said appeal with effect), 'shall satisfy and pay,' etc."

In the first of the cases above, "to prosecute with effect" is held to mean, "to prosecute to a reversal of the judgment"; and in the second it is held that there is a breach of the condition to prosecute with effect if the judgment be affirmed. In the present case it is true that the judgment appealed from was not wholly reversed, and it is equally true that the judgment appealed from was not wholly affirmed, for the reason that it was reversed as to one of the parties defendant and affirmed as to the other. We think that the sounder rule to adopt is that, when defendants have filed an appeal bond such as in this case, in strict conformity with the statutory requirements, which bond has been submitted to and approved by the judge or clerk of the trial court, and the purpose of which is to afford an opportunity for a hearing in this Court on appeal, and to stay execution during the pendency of the appeal, both of which purposes have been fully accomplished, after the appeal is heard, if there be remaining a judgment against both or either of said defendants, the appeal has not been prosecuted with effect, and the sureties on the bond are liable. To hold otherwise would be to say that if any judgment is rendered by this Court differing in any material way, either by reason of an enlargement or reduction of the amount of the judgment appealed from, or by reason of the reversal as to one of the defendants, the sureties on the bond would escape liability. This we do not think they should be permitted to do. While the language used in the condition of the bond is plain, the difficulty arises in determining whether this condition has been breached by an affirmance against one of the defendants. Under the authority of *Engler v. People's Fire Ins. Co., Hooper v. Hooper,* and *McShane v. Howard Bank, supra,* a bond should be given such construction as will carry out the intention of the parties thereto. From the contract itself it is clear that the intention of the sureties in entering into the contract was to completely stay execution on the judgment, both as against the joint property and the individual property of the judgment debtors. This intention and purpose being clearly

demonstrated, it is equally clear that the sureties did intend
to assume, and did in fact assume, responsibility commensu-
rate with the purpose that they had in mind. In other·
words, they could not have stayed execution on the judg--
ment against Martin Kvedera unless at the same time they·
assumed the obligation to pay that judgment if it was
affirmed. It was said by this Court in the case of *Karthaus*
*v. Owings,* 2 G. & J. 443, that case being a suit upon an
appeal bond with the same conditions as the one now under·
consideration, that "the sound legal construction of the condi-
tion of the appeal bond was an undertaking to reverse the·
decision of the county court, or satisfy the judgment of the·
Court of Appeals."

It is argued by the appellant that the judgment affirmed·
by the Court of Appeals is not the judgment rendered by the·
lower court, and while technically this is true, because the·
judgment was not affirmed against all the parties against
whom it was rendered below, yet we are unwilling to give·
our assent to this construction, and hold that there was·
not such an affirmance of the judgment as would render the
bond liable. We think the better view is, and we so deter--
mine, that the obligation or contract of the parties to the·
bond, both principals and sureties, was to secure such a
reversal in the Court of Appeals as to leave no judgment·
standing which could be enforced against any of the defend-
ants, and failing in this, to pay and satisfy such judgment·
as was rendered by this Court.

It is stated both in the brief of the appellant Margaret·
Kvedera, and in oral argument on her behalf, that if the
judgment below is affirmed in this case, she will satisfy it and
relieve the other appellants. This being true, for the purposes·
of this case it is not important to determine the extent of·
her obligation upon the bond.

From the views that we have expressed, our conclusion is
that the obligation in the bond to prosecute the appeal with·
effect has not been fulfilled, and that the affirmance of the
judgment by this Court as to Martin Kvedera constitutes such·

an affirmance as requires the obligors on the bond to pay the judgment against Martin Kvedera, together with the costs in the manner awarded by this Court in the former appeal. Entertaining these views and reaching the above conclusion, the judgment appealed from must be affirmed.

*Judgment affirmed, with costs.*