(Decided July 9th, 1862.)

# SAMUEL M. CHAPPELL and others, *vs.* JAMES H. COX, JR.

Where magistrates' judgments were rendered against a party, who could have had full and ample relief at law, by an appeal, equity can afford him on relief as against such judgments.

A party claiming a stock of goods in a store, by bill of sale from one partner of the firm, permitted the other party to continue the business, and buy other goods, and bring them into the store. Executions on judgments against such continuing partner, were subsequently levied *on goods* in the store. HELD:

That if by permission of the party claiming under the bill of sale, *his* property became so intermingled with that of the defendant in the judgments, as to prevent separation or identification, and he failed to point out *his* goods to the officer, a court of equity will not aid him.

Where the property of one is taken in execution, under judgments, against another, and the officer, making the levy, is able to meet the responsibility, the remedy *at law* is adequate, and a court of equity has no jurisdiction.

APPEAL from the Circuit Court for Baltimore City.

Appeal from an order passed on motion to dissolve, continuing an injunction till final hearing.

The bill, filed November 15th, 1859, by the appellee against the appellants, charges, that on the 10th of November 1859, writs of *fi. fa.* on five magistrate's judgments, obtained July 7th, 1858, by S. M. and J. G. Chappell, against S. Roberts Kramer and Samuel R. Kramer, co-partners, trading as Kramer

65      v.18

& Co., were levied by Dorman, the constable, on certain goods in a drug store on Pratt Street, which belonged. exclusively to the complainant, under a bill of sale from S. Roberts Kramer, dated January 30th, 1858, conveying all the grantor's interest in "the stock of goods in said. store." The bill further charges, that these judgments were fraudulently obtained and are void, because 1st, no process was ever served upon S. Roberts Kramer, he being at that time out of the State; 2nd, the other defendant, Samuel R. Kramer, at the time he was summoned. was a resident of Baltimore county, and had previously obtained his discharge under the the insolvent laws, which he exhibited to the justice upon being summoned, and pleaded his non-residence, but the justice disregarded these defences; 3rd, an *ex-parte* trial was had and the judgment rendered the day after the return of the process, no postponement of the cases having been made as required by the Act of 1852, ch. 76. The bill further charges, that the plaintiffs in these judgments have assigned all their property for the benefit of their creditors, and are wholly insolvent and irresponsible, and if allowed to proceed with the executions and remove the goods as they threaten to do, the complainant will be irreparably damaged, there being no responsibility in the plaintiffs whereby redress could be obtained. The bill prays for an injunction to restrain these executions, which was granted.

Chappell in his answer avers, that since the bill of sale to the complainant, additional goods have been purchased and brought into the stock then in the store, by Samuel R. Kramer, who has ever since been carrying on business in his own name on the premises, so that it would now be impossible to distinguish the goods that were on the premises at the date of the bill of sale from those that have since been placed there, and that this has been done with the full knowledge and consent of the complainant, who is, by occupation, a teller in the Citizens Bank, and has never been engaged in the drug business. He further avers, that the complainant has ample remedy at

law against the constable who levied the writs, and his official bondsmen. Dorman, in his answer, avers the entire solvency of himself and his official bondsmen.

Testimony was taken, by which the allegations of the answer, as to the purchase and intermixture of goods subsequent to the bill of sale to the complainant, was established. It was admitted that S. Roberts Kramer has been absent from the State since March 1858, that Samuel R. Kramer resided in Baltimore county during that year, and had obtained his discharge under the insolvent laws as stated in the bill. It was also admitted, that at the date of the bill of sale, S. Roberts Kramer was the exclusive owner of the stock of goods in the store, and covered by the bill of sale, and had the exclusive right to make the same. On hearing the motion to dissolve, the court (KREBS, J.) delivered the following opinion:—

"I am of opinion, that the several judgments, the executions of which have been enjoined in this case, are void as judgments against Samuel R. Kramer and S. Roberts Kramer. The summons in the cases in which they were rendered, were issued against them as joint defendants, and it is not pretended that the summons against the latter were ever served upon him, it being impossible to serve them, as he was then absent from the State. There was no appearance for him before the justice by attorney or otherwise, and so far as he is concerned, these judgments have been obtained against him without any process whatever. It is to be observed, that these judgments are not rendered against Samuel R. Kramer, as might have been done if the summons had been returned "served," as to him, and *"non est"* as to S. Roberts Kramer, but against them jointly, whilst there was no proceeding before the justice to warrant such judgments, and for that reason they cannot be enforced, either at law or in equity. The complainant's title to the property on which the defendants claim the right to levy, is derived under the bill of sale filed in the cause, and it is conceded that it transferred to him a good title to the property described in it, and the property now in the store referred to

in the proceedings, would, in law, be presumed to be the same as transferred, except so far as other merchandize may have been intermingled with it. 2 *H. & G.*, 415, *Hudson vs. Warner, et al.* And conceding that there has been some intermixture of property, yet the complainant has such an interest in the stock of goods, which the defendants claim the right to seize, as to entitle him to dispute the validity of these judgments, which I consider void, and for that reason should be enjoined. I will pass an order continuing the injunction." From the order so passed, the defendant appealed.

The cause was argued before Bartol, Goldsborough and Cochran, J.

*Robt. D. Morrison*, for the appellant.

1st. Even if the complainant had any interest in these goods as tenant in common, the officer had a right to take possession for the purpose of disposing of the interest of the defendants in the judgments. 2 *Met.*, 39, *Reed vs. Howard.* 5 *Blackf.*, 337, *Burgess vs. Atkins.* 7 *Man. & Gran.*, 240. *Johnson vs. Evans.* 11 *Iredell*, 291, *Blevins vs. Baker.* 1 *Jones N. C. Rep.*, 378, *McPherson vs. Pemberton.* *Ibid.*, 385, *Vann vs. Hussey.*

2nd. If the complainant owned a portion of the goods, and the Kramers, or either of them, another portion, the officer had a right to take the whole, unless the complainant pointed out to the officer the portion belonging to him. 8 *Md. Rep.*, 301, *Hamilton vs. Robinson.*

3rd. The injunction ought not to have been granted, because the bill does not negative an adequate legal remedy. The officer who levied the execution is not pretended to be insolvent, and the complainant has remedy against him at law. 4 *Gill*, 34, *Hamilton vs. Ely.*

4th. It was not competent for the court below to inquire into the judgments sought to be restrained, or interfere with proceedings under them in this collateral way, as the errors com-

plained of were such as would have been rectified on appeal. 8 *Gill*, 433, *Richardson's case.* 10 *G. & J.*, 358, *Fowler vs. Lee.* 2 *Md. Rep.*, 320, *Brumbaugh vs. Schnebly.* 13 *Md. Rep.*, 58, *Peters vs. League.* *Ibid.*, 566, *Katz vs. Moore.*

5th. The defects alleged against the judgments, concerning the day they were rendered, and the disregard of the pleas by Samuel R. Kramer of non-residence and insolvency, are, in point of law, no defects at all, and the judgments may have been perfectly proper, admitting these allegations to be true. *Act of* 1852, *ch.* 76. *Ev. Pr.*, 196, 197.

6th. The non-summoning of S. Roberts Kramer, is an objection that can be taken by no one but himself, and can in no way affect the judgments as against Samuel R. Kramer, who appeared to the cases and defended them.

7th. The judgments as against S. Roberts Kramer, who was not summoned, are not void, and would not, at his instance, be set aside, unless the enforcement of them against him would be inequitable. 10 *G. & J.*, 358, *Fowler vs. Lee.*

*T. M. Lanahan*, for the appellee.

1st. The judgments upon which the executions issued, were void, as against both defendants. The process was issued against them as *joint-defendants*, and no service was ever made upon one, and no appearance entered for him, and as far as he was concerned, the judgments were rendered without any process whatever.

2nd. No judgment was rendered against Samuel R. Kramer, as might have been done if the process had been duly returned, but against both *jointly*.

3rd. The return day of each warrant was July 6th, 1858, and under the Act of 1852, ch. 76, unless the defendants appeared and were ready for trial, the cases must be postponed for not less than six, nor more than fourteen days, and yet a trial was had *ex-parte*, and judgments rendered against both defendants July 7th, 1858. Such a proceeding is in direct contravention of this Act, and is wholly void.

4th. The appellee having purchased all the property in the store where the levy was, under a valid bill of sale, had such an interest in it as to entitle him to dispute the validity of these judgments. *2 H. & G.*, 415, *Hudson vs. Warner, et al.*

GOLDSBOROUGH, J., delivered the opinion of this Court.

The appeal in this case is taken from an order of the Circuit court for Baltimore city, continuing an injunction upon the hearing of a motion by the appellants to dissolve the same.

After a review of the record presented to us, we think it is manifest that the Circuit court erred in continuing it. The judgments obtained by the appellant, Chappell, and which are sought to be enforced, were rendered by a justice of the peace, from whose decision, Samuel R. Kramer having a right of appeal, certainly had full and ample relief at law, and failing to avail himself of that remedy, equity could furnish *him* no relief. See *2 Md. Rep.*, 320. 17 *Md. Rep.*, 188. The appellee, however, alleges in his bill of complaint, that the executions issued on these judgments were levied on certain personal property belonging exclusively to him, and as evidence of his title relies upon a bill of sale executed on the 30*th day of January* 1858, by S. Roberts Kramer, who was, at that time, one of the firm of Kramer & Co., Samuel R. Kramer being the other partner. By reference to this bill of sale, we find that it confines the sale to the interest of S. Roberts Kramer in the property then on the premises. The executions were levied on *the* 11*th day of November* 1859. The appellants allege in their answer, and it appears from the evidence in the cause, that Samuel R. Kramer had, in the interval between the date of the bill of sale and the levying the executions, purchased sundry goods suitable to the business carried on by the firm of Kramer & Co., that those goods were placed on the premises and intermingled with the general stock in trade, and that Samuel R. Kramer principally conducted the business in this interval, the appellee being a clerk in the Citizens Bank of Baltimore, and never engaged in the drug business.

In view of these allegations and the evidence sustaining them, we do not question the right of the appellant, Chappell, or his assignee to enforce his judgments by executions, and the executions coming to the hands of the appellant, Dorman, he was fully justified in levying on the property of Samuel R. Kramer; and if, by the permissive act of the appellee, his property became so intermingled with that of Samuel R. Kramer as to prevent a separation or identification, and he failed to point it out to the officer Dorman, the rights of the appellant ought not to be affected thereby. See 8 *Md. Rep.*, 321.

Although the appellee charges in his bill, that the appellant, Chappell, assigned all his property for the benefit of his creditors, and that he, the appellee, would be irreparably injured by enforcing the executions, it is not pretended that the appellant, Dorman, who levied the executions, was not abundantly able to meet the responsibility resulting from the levy on the property claimed by the appellee.

If the officer did so levy on his property, to satisfy the debt of Samuel R. Kramer, the appellee had an adequate remedy *at law*, thus excluding a court of equity from granting him relief.

The case of *Fowler vs. Lee*, 10 *G. & J.*. 358, fully illustrates the caution with which courts of equity interfere with judgments at law, and justifies us in deciding this case in conformity with the principles announced in that. It is not intimated by the appellee, that the claims, upon which the judgments were rendered, were not *bona fide* due. The defendants could not have sought the intervention of a court of equity without doing equity, and yet the appellee seeks to place himself intermediately between a creditor and debtor, to shield the debtor's property from execution for the payment of a just and undisputed debt, and that, too, upon the ground of mere apprehension of injury arising from the intermixture of the debtor's goods with those claimed by him, to which intermixture he tacitly consented.

*Order reversed and cause remanded.*

(Decided July 9th, 1862.)