### SUTTON v. PACIFIC S. S. CO.

(District Court, W. D. Washington, N. D. November 18, 1924.)

No. 8521.

**1. Removal of causes ⊂⇒111—Jurisdiction of federal court, properly averred, continues until contrary is legally shown.**

Where a petition for removal alleges the citizenship of plaintiff, showing the jurisdiction of the court, such jurisdiction continues until its want of jurisdiction is established to a legal certainty.

**2. Removal of causes ⊂⇒112—Jurisdiction of federal court, properly shown by the pleadings, held not defeated by facts incidentally shown by the testimony.**

Defendant, having alleged in a petition for removal that plaintiff was a citizen of Oregon, which was not denied, cannot defeat the jurisdiction of the court, after verdict, on the assumption that plaintiff, being an Indian, is not a citizen, nor because of an incidental statement in her testimony that her "home" is in Alaska, where her mother resides, from which place she had been absent for seven years, except for two visits there.

**3. Removal of causes ⊂⇒112—Challenge to jurisdiction held ineffectual.**

Where an action at law, brought in a state court on a maritime contract, was removed by defendant, which invoked the admiralty jurisdiction, and which removal was not resisted, and without any motion to require an election, or any objection, the cause was tried to a jury, as permitted in admiralty causes by Rev. St. § 566 (Comp. St. § 1583), it is too late for defendant to challenge the jurisdiction of the court, which had original jurisdiction in admiralty or jurisdiction on removal at common law.

**4. Shipping ⊂⇒166(2)—Action for assault of passenger held not barred by limitation printed on ticket, requiring notice of claim within 10 days.**

Where plaintiff, a minor, was assaulted while a passenger on defendant's ship, and on arrival in port was taken to defendant's offices, where she was fully interrogated, an action for the assault was not barred by failure to give formal notice of the claim within 10 days, as required by a limitation printed in small type on the back of her ticket, which was not called to her attention.

At Law. Action by Margaret Sutton, by Harwood Hall, her guardian ad litem, against the Pacific Steamship Company.

On motions by defendant to set aside verdict and for new trial. Denied.

The plaintiff commenced an action in the state court through her guardian ad litem, a resident of Oregon, appointed by the state court of Washington, against the defendant, seeking damages for assault committed upon her in her stateroom by two negroes, employees of the defendant, while a passenger en route from Petersburg, Alaska, to Seattle, Wash., on defendant's ship, the Admiral Evans. The defendant timely filed a petition for removal to this court, wherein was alleged jurisdictional amount in controversy; that at the commencement of the action plaintiff "was and still is" a citizen and resident of the state of Oregon and the defendant a citizen of the state of Maine; that at the time mentioned defendant was a common carrier in interstate commerce on the high seas and the navigable waters connected therewith, on a regular route and schedule from port to port between the state of Washington and Alaska; that the injury received by the plaintiff, if any, was received while the vessel was on the high seas, and that the cause of action, if any, arose under the maritime laws of the United States and is within the admiralty and maritime jurisdiction, and is cognizable only in a District Court of the United States. All due proceedings were taken and the cause regularly removed to this court. None of the allegations of the petition for removal were denied. No motion to remand was made.

The cause was placed at issue by answer of the defendant, in which the corporate entity and business status of the defendant and the relation of passenger and carrier between the plaintiff and the defendant are admitted. The assault, on information and belief, is denied. The damages claimed are specifically denied. It is affirmatively stated that, if the employees charged had carnal knowledge of the plaintiff, such acts were had at her solicitation and request, acquiescence, consent, and approval. A further affirmative defense is that, if the plaintiff contracted a venereal disease as claimed, it was the result of her own voluntary and deliberate action, consent, and acquiescence. The affirmative matters are denied in the reply. The cause was duly submitted to a jury. A verdict was returned in favor of the plaintiff.

The defendant files a motion to vacate and set aside the verdict and judgment and for a new trial. It is stated in the motion that, it appearing from the evidence that the

plaintiff was an Indian girl, without citizenship, a minor temporarily attending school at Chemawa, Or., whose residence was Petersburg, Alaska; that there was no diversity of citizenship, and, in the event of the denial of this motion, a new trial is asked on the ground of the insufficiency of the evidence to justify the verdict, and error in law occurring at the trial and excepted to by the defendant.

Upon the trial, at the commencement of plaintiff's examination, she testified that her home is in Alaska, her father is dead, and her mother living at Petersburg, Alaska; that she has been living at the Indian school for seven years. She visited her mother in Alaska in 1917, and again in 1923, at the time of the assault. There was no challenge to the court's jurisdiction until after the verdict.

Egan & Moriarty and Chas. P. Moriarty, all of Seattle, Wash., and Poe, Falknor, Falknor & Emory and De Wolfe Emory, all of Seattle, Wash., for plaintiff.

Grosscup & Morrow, of Seattle, Wash., C. A. Wallace, of Tacoma, Wash., and John Ambler, of Seattle, Wash., for defendant.

NETERER, District Judge (after stating the facts as above). [1, 2] The petition on removal prima facie fixes the jurisdiction in this court, which continues until it is established to a "legal certainty" that the court is without jurisdiction. Hill v. Walker, 167 F. 241, 92 C. C. A. 633, certiorari denied 214 U. S. 517, 29 S. Ct. 698, 53 L. Ed. 1064, followed by the Circuit Court of Appeals of this circuit in Big Sespe Oil Co. v. Cochran, 276 F. 216. The above is the substance of the record as to the citizenship of the plaintiff. The petition on removal asserts the plaintiff to be a citizen of the state of Oregon. This is not denied. The citizenship was not an issuable fact, and the testimony was not directed to an issuable fact in the case. The Supreme Court, in Hartog v. Memory, 116 U. S. 588, at page 590, 6 S. Ct. 521, 522 (29 L. Ed. 725), says:

"Neither party has the right, however, without pleading at the proper time and in the proper way, to introduce evidence the only purpose of which is to make out a case for dismissal. The parties cannot call on the court to go behind the averments of citizenship in the record, except by a plea to the jurisdiction or some other appropriate form of proceeding. The case is not to be tried by the parties as if there was a plea to the jurisdiction, when no such plea has been filed. The evidence must be directed to the issues, and it is only when facts material to the issues show there is no jurisdiction that the court can dismiss the case upon the motion of either party."

The defendant may not, upon the allegation of citizenship in Oregon, overcome this allegation by the assumption that the plaintiff, being an Indian, is not a citizen and has not severed her tribal relations, nor by the statement that her home is in Alaska overcome the positive assertion under oath in the petition for removal. Many persons, the writer included, invariably refer to the residence of father and mother as home after many years' residence and citizenship elsewhere. It was not even sought by cross-examination to fix citizenship in Alaska to a certainty, or to show that tribal relations had not been severed.

[3] Another question is disclosed by the record. The contract for transportation, the basis of this action, is an admiralty contract (Benedict on Admiralty, § 201; Hughes on Admiralty, § 102; Austro-American S. S. Co. v. Thomas, 248 F. 231, 160 C. C. A. 309, L. R. A. 1918D, 873; The Moses Taylor, 71 U. S. [4 Wall.] 411, 18 L. Ed. 397; Atl. Trans Co. v. Imbrovek, 234 U. S. 52, 34 S. Ct. 733, 58 L. Ed. 1208, 51 L. R. A. [N. S.] 1157), and an action in personam may be maintained (Leathers v. Blessing, 105 U. S. 626, 26 L. Ed. 1192), and the issue of fact is triable by a jury (section 566, R. S. [Comp. St. § 1533]). The complaint states a cause of action at common law, as well as in admiralty. This court has common-law and admiralty jurisdiction. Jurisdiction is power to hear and determine a cause. Grignon v. Astor, 43 U. S. (2 How.) 319, 11 L. Ed. 283. The Fair v. Kohler Die Co., 228 U. S. 22, 33 S. Ct. 410, 57 L. Ed. 716. The three essentials to jurisdiction: (a) Cognizance of class of case to be adjudicated; (b) the presence of the proper parties; (c) the question to be decided within the issue—are present. Reynolds v. Stockton, 140 U. S. 254, 11 S. Ct. 773, 35 L. Ed. 464. The admiralty jurisdiction of this court was invoked by the defendant. It was not resisted by the plaintiff. This court as an admiralty court confessedly had jurisdiction of the subject-matter. The parties voluntarily appeared before this court and prayed adjudication of the tendered issue. The issue was submitted to a jury (section 566, supra), and the verdict returned. No motion was made at any time to require the plaintiff to elect between common law and admiralty. While trial by jury is a *right*

which extends only to the Great Lakes, there is no inhibition against the privilege to submit an issue of fact to a jury, which privilege was silently and studiously invoked by both parties.

It is said there is distinction between removable and original jurisdiction. This may be confessed, but both are present in this case—common-law, removable; admiralty, original. If the defendants, after filing the record in this court, had required the plaintiff to elect the procedure, it would be within the rule announced in Lambert, etc., v. B. & O. R. R. Co., 258 U. S. 377, 42 S. Ct. 349, 66 L. Ed. 671, and Gen. Ind. Co. v. L. S. Ry. Co., 260 U. S. 261, 43 S. Ct. 106, 67 L. Ed. 244. In those cases either the jurisdiction or the state court process by which the parties were brought into court was directly challenged. The court's jurisdiction was challenged in Lorang v. Alaska S. S. Co. (D. C.) 298 F. 547. If the defendant, after service of the complaint and before filing in the state court (section 224, C. S. of Wash.), had filed the complaint, together with the claim of admiralty jurisdiction as set forth in its petition for removal and its answer, in this court, served the same on plaintiff, and the plaintiff had replied thereto, as disclosed in the record, and both parties without objection proceeded to trial, this court's admiralty jurisdiction would have been complete.

The fact that the complaint comes to this court through the office of the clerk of the state court, on the defendant's petition invoking the admiralty jurisdiction, of itself does not change the status. Had the defendant required the plaintiff to elect, and if the admiralty jurisdiction had been elected, and then moved to dismiss because not removable, but original, jurisdiction, it would be in a position to challenge this court's jurisdiction now. When the issue of which this court had original jurisdiction was submitted by the parties, both parties appearing and contesting the issue, the original jurisdiction of this court was asserted. Lorang v. Alaska S. S. Co. (1924) A. M. C. 1240, is not in point. That order was entered for the purpose of expediting a decision of the appellate court to review (298 F. 547, supra), and the jurisdiction of this court was challenged at the threshold of that case.

Process is said to be the means of compelling a defendant to appear in court, or means used to acquire jurisdiction of a defendant (Wilson v. Railroad Co., 108 Mo. 588, 18 S. W. 286, 32 Am. St. Rep. 624); a writ issued by a court or officer exercising

judicial power (Tweed v. Metcalf, 4 Mich. 579; Taylor v. U. S. [C. C.] 45 F. 531). No state court process was challenged, nor was the procedure here questioned. Procedure simply means legal rule for bringing parties into court, and disposition after brought in. Kring v. Mo., 107 U. S. 221, 2 S. Ct. 443, 27 L. Ed. 506.

Law, process, and rules of procedure are simply crystallized common sense. The modern tendency is to administer justice, waving aside technical distinctions where justice dictates. Eddy & Bissell Live Stock Co. v. Blackburn, 70 F. 949, 17 C. C. A. 532. See, also, new rules of the Supreme Court. Justice is the purpose and aim of government. It is the substance, and not the shadow. No right guaranteed by the organic law, or any rule of right, has been denied to the defendant. Before trial, the defendant could have required plaintiff to elect. After trial, if the verdict can be sustained upon the record in either jurisdiction, the court will so adjudge. See Toledo, St. L. & W. R. Co. v. Perenchio, 205 F. 472, 123 C. C. A. 540.

There was no lack of evidence. The plaintiff testified fairly, freely, frankly, and fully. There were corroborating circumstances of her testimony. She was contradicted by the former employees of the defendant charged with the assault, who had been indicted, tried, and convicted in this court upon the same evidence, and who are now serving life sentences in the penitentiary. The findings of two juries who passed upon the evidence—one finding beyond every reasonable doubt in the criminal case, and the other, in this case, by a fair preponderance of the evidence—may well be considered sufficient.

[4] It is said the court erred in not directing a verdict for the defendant, because notice of the claim had not been given and made to the company within 10 days, as per stipulation printed on reverse side of the ticket. The defendant was fully advised. Upon arrival at the dock the plaintiff was taken to the office of the defendant by the ship's master, where she was interrogated by attorneys representing the defendant, and her statement taken by a stenographer and afterwards extended; all of the details were related by the plaintiff, who was not represented by counsel or next friend, and under the circumstances it would be most unjust to hold that this minor Indian child, after having disclosed to the defendant every element of fact with relation to the assault, could be barred by the ten-day limitation printed in small type on the back of the

ticket, and to which her attention had not been challenged. This court, in Blackwell v. Alaska S. S. Company, 1 F.(2d) 334, held such provision to be unreasonable, and there is no reason to modify the conclusion then reached.

Each motion is denied.