WILLIAM K. HARRISON, JR. ET AL. *v.* GEORGE McCARTY

[No. 47, April Term, 1940.]

*Decided May 23rd, 1940.*

The cause was argued before OFFUTT, PARKE, SLOAN, MITCHELL, SHEHAN, and DELAPLAINE, JJ.

*J. Edgar Harvey, Special Attorney for the State Accident Fund,* with whom were *William C. Walsh, Attorney General,* and *Henry Herbert Balch,* on the brief, for the appellants.

*Edward T. Miller* and *Harry E. Clark, Jr.,* submitting on brief, for the appellee.

SLOAN, J., delivered the opinion of the Court.

The claimant, George McCarty, was, on September 24th, 1937, an assistant construction foreman in the employ of William K. Harrison, Jr., who was insured in the State Accident Fund. On that day, in the course of his employment, he fell from a scaffold, his right arm was broken and he was taken by his employer to the office of Dr. William Palmer, thence to the Easton Hospital, and put in charge of Dr. William T. Hammond, who X-rayed his arm and placed it in a cast. The next day he went to the office of Dr. Palmer, where his employer was present, and a report of some kind filled. His right arm was disabled; he could not write and did not sign anything, and nothing was presented for his signature. Whatever was written up was done by Dr. Palmer's secretary, the doctor being absent. Mr. Harrison told him "everything was fixed up as far as his part was concerned." When taken to the hospital he was told by the employer to do what Dr. Hammond would tell him. "I told him to carry out the doctor's orders." Dr. Hammond testified that he had examined the claimant several times after the cast was removed and found he was unable to straighten his arm. "I told him it would be a long drawn out process. If it did not get straight it might take a year for the deposits to ab-

sorb. * * * I told him it would be at least a year before we could tell the extent of the permanent disability." After treatment by Drs. Palmer and Hammond he did nothing for a year, when he was taken by Dr. Palmer to Dr. Robert W. Johnson of Baltimore for examination, who reported to the Accident Commission that there would "possibly" be a permanent defect, "slight limitation of elbow, incomplete extension." Dr. Hammond testified before the Commission that the extent of disability would be "about 25%."

The claimant has testified that he thought his claim was made up in Dr. Palmer's office by his secretary. Mr. Harrison testified, "I told him that a report would be made by me, which we do in all accidents." "I meant my report, that was my job to do that," and it was done the day after the accident. In the meantime he bided his time for a year, when he had his arm examined by Drs. Palmer, Hammond, and Johnson, to ascertain the extent of his injuries, after which, on inquiry by one of his attorneys, whom he had recently consulted, he learned that his claim had never been filed. A claim was afterwards filed March 8th, 1939, and heard by the Commission June 14th, 1939, and an order passed by the Commission July 25th, 1939, disallowing it because "the claimant failed to file claim within the time required by law, and on the fourth issue finds that the claim is barred by limitations." An appeal was taken, and on a hearing before the Circuit Court for Talbot County, sitting as a jury, the order of the Commission was reversed and the case remanded for further proceedings.

There was no dispute that the injury arose out of and in the course of claimant's employment, and the only issues submitted were: First, "Is the failure of the claimant to file a signed claim for compensation within the time provided by the Workmen's Compensation law excusable?"; and, Second: "Do the facts and circumstances of this case and the actions of the employer amount to an estoppel sufficient to take it out of the statute of limitations requiring formal claim to be filed by the employee within one year?"

The appellees submitted one prayer, the usual demurrer prayer of "no evidence in this case legally sufficient to entitle the appellant to recover," which was rejected and exception taken. This form of prayer does not fit this case, as there was no dispute that there was legally sufficient evidence that the injuries sustained by the claimant were compensable. The prayers should have been for an instructed verdict for the reasons assigned in the issues. The only question argued was whether limitations applied, and we shall so consider it.

The law applicable to this case in section 39, article 101, of the Code (Act of 1935, ch. 237), "that failure of an employee to file a claim for compensation within one year after the beginning of his disability shall constitute a complete bar to any claim under this Article, unless it shall be established that failure to file such claim was induced or occasioned by fraud, or by facts and circumstances amounting to an estoppel, in which case the claim shall be filed within one year from the time of the discovery of the fraud, or within one year from the time when the facts and circumstances amounting to an estoppel cease to operate, and not afterwards."

The Commission rejected this claim on the ground that it had not been filed within one year, and no sufficient excuse given for the delay—ground reviewable in this court. *Broniszewski v. Balto. & O. R. Co.*, 156 Md. 447, 451, 452, 144 A. 345. It is conceded that no excuse may be allowed in case of death of the employee as a result of an accidental injury (*Vang Const. Co. v. Marcoccia*, 154 Md. 401, 403, 140 A. 712), but that rule has no application to this case.

Everybody concerned agrees that this is a meritorious case, and that the defence is strictly technical. There is not even a suggestion or suspicion that a fraud was intended or attempted on the claimant to induce him to refrain from filing a claim within the statutory period. He thought from the day after his accident that his claim had been filed, and inferred from Dr. Hammond's remark that it would probably be a year before he could

know the extent of his injury. His employer told him to do what Dr. Hammond told him, and in the year he went to his physician for an examination, and then, on consulting an attorney, learned, to his surprise, that he had no claim pending. It appears to this court that, under these circumstances, the employer is estopped to raise the issue of limitations and this estoppel will be imputed to the insurer, which appears here resisting this claim.

*Order appealed from affirmed with costs, and case remanded.*