TRAVELERS INDEMNITY COMPANY *v.* NATION-WIDE CONSTRUCTION CORPORATION

[No. 472, September Term, 1965.]

*Motion for rehearing filed October 8, 1966, denied December 9, 1966.*

*Decided November 14, 1966.*

The cause was argued before HAMMOND, C. J., and HORNEY, MARBURY, OPPENHEIMER and FINAN, JJ.

*John F. McAuliffe,* with whom were *Heeney, McAuliffe & McAuliffe* on the brief, for appellant.

*G. Gregg Everngam* for appellee.

OPPENHEIMER, J., delivered the opinion of the Court.

This case involves questions of due process of law in a civil case in a court of limited jurisdiction and the effect of subsequent proceedings upon the right to attack collaterally an invalid judgment.

The facts are not in dispute. On July 20, 1964, Nationwide

Construction Corporation (Nationwide) filed a "Complaint for Possession of Real Estate" in the People's Court for Montgomery County at Silver Spring, naming as defendants Plaza Health Club, Inc. (Plaza) and Paul Enterprises, Inc. (Paul) and praying repossession of commercial premises located at 8533 Georgia Avenue in Silver Spring. The complaint stated that the defendants owed the plaintiff $5300 for the occupancy of the premises which was unpaid, but the prayer for relief, or ad damnum clause, did not include a demand for money judgment, and asked only for repossession of the property. Summons issued July 20, 1964 was returned non est, but additional summons issued July 23 was returned served as to both defendants on July 28, and trial was scheduled for 11:00 A.M. on July 30, 1964. The summons referred only to the claim for restitution of the property.

At 9:30 A.M. on July 30, the attorney for Plaza and Paul appeared in the People's Court at Silver Spring and advised the presiding judge, Chief Judge J. Fendall Coughlan, that he had been retained to represent Plaza and Paul, but that he would be unable to appear at 11:00 A.M. on that date and therefore requested a continuance. The attorney then departed, and when the case was called at 11:00 A.M., Judge Coughlan notified Nationwide's attorney of the request for continuance. Nationwide's attorney would not consent to the requested continuance, pointing out that he had secured the attendance of an out-of-state witness, and the request for continuance was denied. Testimony on behalf of Nationwide was taken ex parte, after which Judge Coughlan entered judgment in favor of Nationwide against both defendants for possession and costs, and also awarded a money judgment in the amount of $5300, for rent and license fees due for the months of June and July, 1964.

By letter of the same date as the judgments, Judge Coughlan advised counsel for Plaza and Paul of his action, and on the following day, July 31, an appeal was noted on behalf of both defendants to the Circuit Court for Montgomery County. As required by law, an appeal bond, written by the appellant herein, Travelers Indemnity Company (Travelers), as surety, was filed in the case. The appeal bond set forth that Plaza, Paul and Travelers were bound to the State of Maryland in the

sum of $5300. The condition of the obligation was that if Plaza and Paul did not "prosecute said appeal with effect, and also satisfy and pay" the plaintiff in case the judgment should be affirmed, with damages and costs, the bond was to be in full force and effect.

Thereafter, while the appeal was pending, Plaza and Paul voluntarily relinquished possession of the premises to Nationwide, and on August 27, 1964, a praecipe dismissing the appeal was filed in the Circuit Court by the attorney for Plaza and Paul. Demand was then made by Nationwide's attorney against Travelers for payment of $5300 allegedly due under the penalty of the bond. Liability for payment was denied by Travelers, and this suit followed.

Cross motions for Summary Judgment were filed by the parties and after oral argument, Judge Shook filed an order granting Nationwide's motion, citing the case of *Steinpreis v. Leet,* 240 Md. 212, 213 A. 2d 555 (1965), as authority for the holding. From that order this appeal was taken.

## I

That the People's Court had jurisdiction over both the parties and the subject matter in this case is unquestioned. Pleadings and proceedings in a court of limited jurisdiction such as the People's Court of Montgomery County are informal in nature. Code (1957), Article 52, Section 99 (b) ; *Steinpreis v. Leet, supra.* But the fundamentals of fairness are requisite to the validity of an adversary proceeding in any tribunal. *Londoner v. City and County of Denver,* 210 U. S. 373 (1908) ; *Ulman v. City of Baltimore,* 72 Md. 587, 20 Atl. 141 (1890). See also *Morgan v. United States,* 304 U. S. 1, 18-19 (1938) ; *Gorin v. Board of County Comm'rs,* 244 Md. 106, 223 A. 2d 237 (1966) ; *Hyson v. Montgomery County,* 242 Md. 55, 63-67, 217 A. 2d 578 (1966) and Cohen, *Some Aspects of Maryland Administrative Law,* 24 Md.L.Rev. 1, 8-15 (1964). A basic requirement of fairness is that the defendant be given notice of and an adequate opportunity to defend against the claim on which the judgment is based. *Reynolds v. Stockton,* 140 U. S. 254 (1891) ; Restatement, *Judgments,* § 8 *c.* See also *Belt v. Blackburn,* 28 Md. 227, 243 (1868).

In this case, the refusal of the judge in the People's Court to grant the continuance requested by counsel for Plaza and Paul was not an abuse of his discretion. *State Roads Comm'n v. Wyvill*, 244 Md. 163, 223 A. 2d 146 (1966), and cases therein cited. We assume, without deciding, that there was no prejudicial error in granting Nationwide the judgment of repossession for which it had prayed, even in the absence of Plaza and Paul and their counsel; there had been prior notice of the date of trial and Nationwide presented evidence in support of its demand for right of possession. But in its complaint, the claim of Nationwide was specifically limited to repossession of real property; while the complaint contained an allegation that back rent had not been paid, no demand or claim was made for the payment of the sum involved, and the summons issued to Plaza and Paul notified them only that the claim they were to defend was for repossession of the property. No notice of amendment of the complaint or that Nationwide intended to ask for a money judgment as well as restitution was given Plaza and Paul in any manner before the hearing at which they were not present or represented. On these facts, the rendering of a money judgment against them constituted a denial of due process of law.

In *Reynolds v. Stockton, supra,* suit was brought in New Jersey on a New York judgment. The New Jersey court refused to accept the New York judgment under the full faith and credit clause of Section 1 of Article IV of the United States Constitution, and the Supreme Court affirmed, on the ground that the judgment rendered was not responsive to the pleadings. In delivering the opinion of the Court, Mr. Justice Brewer said:

> "Take an extreme case: Given a court of general jurisdiction, over actions in ejectment as well as those in replevin; a complaint in replevin for the possession of certain specific property, personal service upon the defendant, appearance and answer denying title; could (there being no subsequent appearance of the defendant and no amendment of the complaint) a judgment thereafter rendered in such action for the recovery of

the possession of certain real estate be upheld? Surely not; even in the courts of the same State. If not there, the constitutional provision quoted gives no greater force to the same record in another State.

"We are not concerned in this case as to the power of amendment of pleadings lodged in the trial court, or the effect of any amendment made under such power, for no amendment was made or asked. And without amendment of the pleadings, a judgment for the recovery of the possession of real estate, rendered in an action whose pleadings disclose only a claim for the possession of personal property, cannot be sustained, although personal service was made upon the defendant. The invalidity of the judgment depends upon the fact that it is in no manner responsive to the issues tendered by the pleadings. This idea underlies all litigation. Its emphatic language is, that a judgment, to be conclusive upon the parties to the litigation, must be responsive to the matters controverted." 140 U. S. at 265-66.

Mr. Justice Brewer's "extreme case" closely fits the situation presented in the present case, except that here the judgment complained of is for money when the only demand of which notice was given was for repossession of real estate, whereas in the hypothetical case the original claim was for possession of personal property and the judgment complained of, on a claim of which no notice was given, was for possession of real estate. In substance, the two situations are the same.

Section 8 *c* of Restatement, *Judgments,* reads in part as follows:

"*c. Requirement that judgment be within the issues.* Even though the State has jurisdiction over the parties and even though the court is one with competency to render the judgment, a judgment by default is void if it was outside the cause of action stated in the complaint and if the defendant was not given a fair opportunity to defend against the claim on which the judgment was based. Such a judgment is subject to collateral attack. (See Illustration 1.)"

Illustration 1 is this:

*"Illustration:*

"1. A brings an action in State X against B, a corporation of State X, seeking an injunction against future trespasses on A's land, without alleging past trespasses. Service of the summons is made upon an officer of B. B defaults and a decree is entered enjoining future trespasses by B and for the recovery of $10,000 damages for past trespasses. The decree, in so far as it awards damages, is void."

The illustration is almost precisely the present case. See also cases cited *infra* in Part II of this opinion.

In the second *Morgan* case, *supra,* the Court held invalid an order of the Secretary of Agriculture fixing maximum rates to be charged by market agencies under the Packers and Stockyard Act, because the hearing for which the Act provided had not been held. The Government had not provided the appellants with any statement or summary of its contentions. Mr. Chief Justice Hughes, for the Court, said: "The right to a hearing embraces not only the right to present evidence but also a reasonable opportunity to know the claims of the opposing party and to meet them." 304 U. S. at 18.

The right of the People's Court to permit amendments of the original pleadings and thereby to raise new issues is not here involved; the valid exercise of that right is dependent upon notice to the opposite parties and an opportunity for them to be heard on the issues raised by the amended pleadings. Here there was no such notice or opportunity. Cases such as *Fooks' Executors v. Ghingher,* 172 Md. 612, 192 Atl. 782 (1937) and *Killen v. American Cas. Co.,* 231 Md. 105, 189 A. 2d 103 (1963) cited by the appellee, go to the jurisdiction of a court over the subject matter or the parties. Neither of those questions is here involved.

*Steinpreis v. Leet, supra,* relied upon by the court below and by the appellee here, turned on different facts and legal principles. There, the chief contention was that the People's Court of Montgomery County lacked jurisdiction over the subject

matter of the suit, and that contention was found to be without merit. The complaint of the landlord, in contrast with the present case, specifically asked for restitution and a money judgment. Chief Judge Prescott, for the Court, said that "jurisdiction over the subject matter of a case is not ousted by irregularities in the proceedings * * * or by insufficiencies in the pleadings" (240 Md. at 216) and we re-affirm the statement. Technical irregularities and informalities do not go to the fundamental fairness of proceedings in a tribunal such as the People's Court; but in *Steinpreis*, there was no violation of a basic, constitutional right, the recognition of which is essential to the validity of any judicial proceeding, however informal. Here, there was such a violation.

## II

The violation of a constitutional right may make the proceedings in which the violation took place either voidable or void. In the words of Judge Markell, for the Court, in *State v. Ambrose*, 191 Md. 353, 369, 62 A. 2d 359 (1948), a void judgment " 'may be assailed at all times, and in all proceedings by which it is sought to be enforced' * * * In other words, a void judgment is subject to attack either directly by appeal or collaterally." See also *Thomas v. Hardisty*, 217 Md. 523, 536, 143 A. 2d 618 (1958). Restatement, *Judgments,* § 4 comment *a* (4) ; *Freeman, Judgments* § 322 (1925).

In *Schowgurow v. State*, 240 Md. 121, 134, 213 A. 2d 475 (1965), we pointed out that the violation of the defendant's constitutional right therein involved went only to the selection of the grand and petit juries and did not go to the fairness of the conduct of the trial. In *Smith v. State*, 240 Md. 464, 214 A. 2d 563 (1965), we held that a judgment of conviction of a defendant indicted by a grand jury and tried by a petit jury, both unconstitutionally selected, was only voidable, not void, so that, although the method of selection was subject to attack, the proceedings were not a nullity and the defect could be voluntarily and knowingly waived. In this case, however, the violation of the constitutional right of Plaza and Paul went to the fairness of the conduct of the trial and accordingly the money judgment obtained in violation of that right was invalid.

Where a judgment was outside the cause of action stated in

the complaint and the defendant was not given a fair opportunity to defend against the claim on which the judgment was based, the judgment is invalid and subject to collateral attack. *Reynolds v. Stockton, supra; Knopf v. Morel,* 111 Ind. 570, 13 N. E. 51 (1887); *Duenow v. Lindeman,* 223 Minn. 505, 27 N. W. 2d 421 (1947); *Sache v. Gillette,* 101 Minn. 169, 112 N. W. 386 (1907); *Weatherford v. Spiritual Christian Union Church,* 163 S. W. 2d 916 (Mo. 1942); *Banking House of Casteiter v. Dukes,* 70 Neb. 648, 97 N. W. 805 (1903); Restatement, *Judgments,* § 8 *c; Freeman, Judgments* § 355 (1925). See also *Coe v. Armour Fertilizer Works,* 237 U. S. 413, 426 (1915); *Standard Oil Co. v. Missouri,* 224 U. S. 270, 282 (1912) and *Sutton v. Pacific S. S. Co.,* 3 F. 2d 72, 73 (W. D. Wash. 1924).

### III

Because the money judgment of the People's Court was invalid and therefore subject to collateral attack, Plaza and Paul could successfully have asserted that invalidity in any attempt by Nationwide to execute upon the judgment. However, they chose not to wait for the opportunity to attack that judgment collaterally, but, instead, availed themselves of their statutory right of appeal.[1] Code (1957, 1965 Supp.) Article 5, Section 30, gives any party the right to appeal from any judgment of a trial magistrate to the circuit court for the county. The court to which the appeal is taken must try the case de novo. Code (1957) Article 53, Section 32, in effect at the time, provided that a tenant, on appeal, may stay any execution upon the judgment by filing a bond. Here, the bond was filed and execution was stayed until Plaza and Paul voluntarily surrendered the property and dismissed their appeal.

Travelers, as surety on the appeal bond, is liable to Nation-

---

1. It may be that still a third avenue of relief from the invalid money judgment was open to Plaza and Paul; the bringing of a bill in equity to set aside the judgment. Restatement, Judgments, § 117. Whether a court of equity would have jurisdiction to grant a decree under such a bill, in view of the availability of the legal remedy of appeal, is a question not before us. See Home Life Ins. Co. v. Caulk Bros., 86 Md. 385, 391, 38 Atl. 901 (1897) and Chappell v. Cox, 18 Md. 513 (1862) and cases therein cited.

wide under the terms of the bond, absent any defense its principals may have. *Kvedera v. Mondravisky,* 149 Md. 374, 131 Atl. 766 (1926) ; 10 *Appleman, Insurance Law and Practice* § 6013; 5 Am.Jur.2d *Appeal and Error* § 1030. The surety stands in the shoes of its principals and can avail itself of any defense still open to the principals. *General Builders v. Mac-Arthur,* 228 Md. 320, 179 A. 2d 868 (1962) ; *Grimes v. Payne,* 116 Okla. 295, 244 Pac. 753 (1925) ; 5 Am.Jur.2d *Appeal and Error* § 1035. However, the surety is bound by the acts of its principals in the conduct of litigation, even though the surety did not consent to those acts. *Sargeant v. Starr,* 102 Ga. App. 453, 116 S. E. 2d 633 (1960).

The question presented is the effect, if any, of the stay of execution of both the money judgment and judgment of restitution by reason of the appeal and the giving of the appeal bond and the subsequent dismissal of the appeal upon Plaza's and Paul's right to wage a collateral attack against the money judgment. Counsel have cited no case directly in point, and we have found none. We must consider, therefore, the relevance of legal principles in comparable situations.

Violations of constitutional rights may be waived. *Smith v. State, supra,* 240 Md. at 479-80 and cases therein cited. Even a claim that a statute under which the defendant was convicted is unconstitutional cannot be raised after conviction, if there was a clear, unequivocal waiver of the contention. *Jackson v. Warden,* 218 Md. 652, 655-56, 146 A. 2d 438 (1958) ; *Martin v. State,* 203 Md. 66, 77-78, 98 A. 2d 8 (1953).[2] There is no waiver, however, unless a known right is clearly and intentionally renounced. *Maryland City Realty v. Vogts,* 238 Md. 290, 304-06, 208 A. 2d 701 (1965) and cases therein cited; *Fay v. Noia,* 372 U. S. 391, 439 (1963).

There was no waiver in this case. Plaza and Paul, by their appeal, contested both the judgment for restitution and the

---

2. Whether the question of the unconstitutionality of a statute can be raised by collateral attack is not here involved. Compare Loughran v. Warden, 192 Md. 719, 723-24, 64 A. 2d 712 (1949) with Jackson v. Warden, 236 Md. 634, 204 A. 2d 566 (1964) and Glasgow v. Moyer, 225 U. S. 420 (1912) with Fay v. Noia, 372 U. S. 391, 424 (1963).

money judgment. By later surrendering the property and dismissing the appeal, they did not intend to renounce their right to attack the money judgment collaterally. Indeed, it may be assumed that they dismissed their appeal because of an apprehension that, in a de novo trial in the Circuit Court, Nationwide, by amendment of its prayers for relief, after due notice, or other proper pleadings, would cure the defect which rendered invalid the money judgment given in the People's Court.

The question is not one of waiver, but whether, by reason of what they did, Plaza and Paul are estopped, legally or equitably, from collaterally attacking the money judgment. We refer to the waiver cases only because they demonstrate the principle that a person may bar himself from asserting a defense by his own act, even though that act did not affect the rights of other parties.

In *Gould v. Transamerican Associates,* 224 Md. 285, 295, 167 A. 2d 905 (1961), Judge Prescott (later Chief Judge) said, for the Court:

> "Waiver is closely inter-related and intertwined with estoppel. The distinction between them most frequently adverted to is that waiver rests upon the intention of the party, while estoppel rests upon a detrimental change of position induced by the acts or conduct of the party estopped."

In *Benson v. Borden,* 174 Md. 202, 219, 198 Atl. 419 (1938), the Court quoted with approval from 40 *Cyc.* 255 as follows:

> 'Waiver is the voluntary surrender of a right; estoppel is the inhibition to assert it from the mischief that has followed. Waiver involves both knowledge and intention; estoppel may arise where there is no intent to mislead. Waiver depends upon what one himself intends to do; estoppel depends rather upon what he causes his adversary to do. Waiver involves the acts and conduct of only one of the parties; estoppel involves the conduct of both.'

Plaza and Paul, by filing their appeal and giving bond, prevented Nationwide from repossessing the property as to which

judgment of restitution had been given for the period from the filing of the appeal to the subsequent surrender of the property and the dismissal of the proceedings in the Circuit Court. Plaza and Paul committed no wrong in following the course made available to them by the statute, but by following that course they adversely affected Nationwide's right to obtain immediate repossession under the People's Court judgment of repossession.

We have repeatedly stated that whether or not an estoppel exists is a question of fact to be determined in each case. *Gould v. Transamerican Associates, supra,* at 224 Md. 297; *Liberty Mut. Ins. Co. v. American Auto. Ins. Co.,* 220 Md. 497, 501, 154 A. 2d 826 (1959); and cases therein cited. Wrongful or unconscientious conduct on which the other party relies, to his detriment, is generally an element of estoppel in the particular circumstances, see *Liberty Mut. Ins. Co. v. American Auto. Ins. Co.,* 220 Md. at 500, but an estoppel may arise even when there is no intent to mislead, if the acts of one party cause a prejudicial change in the conduct of the other. *Harrison v. Mc-Carty,* 178 Md. 377, 13 A. 2d 544 (1940); *Benson v. Borden, supra.* The rationale of the doctrine of equitable estoppel was given by Judge Prescott (later Chief Judge), for the Court, in *Johnson Lumber Co. v. Magruder,* 218 Md. 440, 447-48, 147 A. 2d 208 (1958), as follows:

> "The whole doctrine of equitable estoppel is a creature of equity and governed by equitable principles. It was educed to prevent the unconscientious and inequitable assertion of rights or enforcement of claims which might have existed or been enforceable, had not the conduct of a party, including his spoken and written words, his positive acts and his silence or negative omission to do anything, rendered it inequitable and unconscionable to allow the rights or claims to be asserted or enforced."

See also *Solomon's Marina v. Rogers,* 221 Md. 194, 198, 156 A. 2d 432 (1959); *Maryland City Realty v. Vogts, supra,* and *Savonis v. Burke,* 241 Md. 316, 319-20, 216 A. 2d 521 (1966). The statements in the later cases emphasize that it is the effect of the conduct of a party, apart from its morality, upon the position of the other party, which is the basis of equitable estop-

pel. Invocation of a statutory bar to the exercise of a legal right (the stay of execution on the judgment of repossession effected by the filing of a bond) is an even clearer influence upon the exercise of the other party's rights than is inducing him not to act because of misleading statements. The stay of execution is a mandatory rather than a persuasive deterrence.

Delay in the exercise of a legal right has been held sufficient detriment to estop the party who caused the delay from asserting a claim or defense he otherwise would have had. *Harrison v. McCarty, supra; Benson v. Borden, supra.* In *Harrison,* the Court held that an employer, by his conduct, was estopped to raise a defense that a claim under the Workmen's Compensation Act was not filed within a year, as provided by the statute. In citing *Harrison* in *Bayshore Industries, Inc. v. Ziats,* 232 Md. 167, 179, 192 A. 2d 487 (1963), Chief Judge Brune, for the Court, said: *"Harrison v. McCarty, supra,* did not present any wilful or deliberate unconscientious or inequitable conduct on the part of the employer, and, indeed, we think that it presented no inequitable conduct at all."

In *Gould v. Transamerican Associates, supra,* at 224 Md. 295, Judge Prescott analyzed the holding in *Benson* as follows:

> "In *Benson v. Borden,* 174 Md. 202, 198 A. 419, a leading case upon the doctrines of waiver and estoppel, an officer of a corporation, then in receivership, had filed certain claims against the corporation for his unpaid, past due salary and royalties from a coal mine that he alleged were due him. As such officer, he had prepared income tax returns and financial statements of the corporation (the latter of which had been widely circulated), none of which disclosed his claims for the salary or the royalties. No additional credit was obtained by the corporation as a result of the tax returns or the financial statements, but the Court found that they did obtain for the corporation an indulgence from the creditors in not invoking the receivership sooner, during which period of indulgence the officer reaped certain benefits from the corporation.

> "The Court disallowed the claims, holding that the doctrine of equitable estoppel was applicable, * * *"

See also *Rocks v. Brosius,* 241 Md. 612, 630, 217 A. 2d 531 (1966) and cases therein cited, and *Horsey v. Chew,* 65 Md. 555, 5 Atl. 466 (1886).

Under the doctrine of election of remedies in Maryland, where a party having a claim, with knowledge of the facts and in the absence of fraud, makes an election between inconsistent remedies and carries his suit through to judgment, he is barred from bringing another suit which seeks a different remedy. *State Roads Comm'n v. Smith,* 224 Md. 537, 541-44, 168 A. 2d 705 (1961); *Bolton Mines Co. v. Stokes,* 82 Md. 50, 59, 33 Atl. 491 (1895). The basis of the doctrine is given in *Bolton Mines* as being that a plaintiff is estopped from ignoring the judgment rendered, changing his position and adopting the remedy he had repudiated and repudiating the one he had adopted. He is not at liberty "to again vex the same defendant with another suit in a different form of action for the identical demand * * *"

In the present case, where defenses, not claims, are involved, recourse to the right of appeal is not inconsistent of itself with a subsequent collateral attack upon an invalid money judgment, but the estoppel is based upon the "vexing" of the other party by the filing of the appeal and bond. The stay of Nationwide's right to repossession of its property thereby effected may well be more detrimental than the putting of a defendant to the trouble of defending another suit.

In this case, the voluntary action of Plaza and Paul in appealing from the restitution and money judgments of the People's Court and in effecting a stay as to both those judgments by the filing of Travelers' bond, brought about an adverse change in Nationwide's position. It could not repossess its property while the appeal was pending. Now that Plaza and Paul have dismissed their appeal, it would be contrary to equity and good conscience to allow Travelers, which stands in their shoes, to assert as a defense to the bond that the money judgment was invalid. That defense could have been made collaterally, if there had been no appeal, or it could have been asserted in the Circuit Court if the appeal had not been dimissed, but Plaza and Paul can not eat their cake and still have it. Through their action, they kept the property until they were ready to

give it up, to Nationwide's detriment. They had the right to follow the road they chose for relief from the money judgment, but their exercise of that right, through the stay entailed, led to a change in Nationwide's position for the worse. Plaza and Paul seek to retrace their steps, but the detriment to Nationwide caused by their actions estops them and their surety from asserting a defense which otherwise would have been available.

We have held that even though a judgment collaterally attacked was void for lack of jurisdiction over the parties, the party attacking it may be barred from asserting the invalidity because of laches. *Pryor v. Pryor,* 240 Md. 224, 229, 213 A. 2d 545 (1965) and authorities therein cited. It is true that in *Pryor* we referred to the public policy involved in not lightly setting aside decrees of divorce, but there also is a public policy involved in the present case. The Legislature has given a tenant the right to a trial de novo and to a stay of execution on a judgment obtained by the landlord in the People's Court. The exercise of that right is expressly conditioned upon the tenant's giving a bond that the appeal will be prosecuted and that the judgment will be paid if it is affirmed. The landlord, therefore, is given security for the payment of his judgment, if affirmed, in effect as a quid pro quo for being unable to execute while the appeal is pending. When the tenant chooses to assert any defense to the judgment by way of appeal, rather than by any alternate remedy he may have (here, collateral attack) he has acquiesced in the consequences of his choice and neither he, nor his surety, can thereafter avoid the obligation incurred. In this aspect, this case is analogous to *Stewart v. McCaddin,* 107 Md. 314, 68 Atl. 571 (1908), in which it was held that a party cannot, on appeal, attack the validity of a court order under which he acted and received benefits. See also cases cited therein and *Shapiro v. Maryland-Nat. Park Comm'n,* 235 Md. 420, 424, 201 A. 2d 804 (1964).

Courts in other jurisdictions have held that, when the facts warrant, a party may be estopped by conduct from collaterally attacking a void judgment. *First Nat. Bank v. Southwestern Surety Ins. Co.,* 95 Okla. 259, 219 Pac. 690 (1923) (in which a defendant who had received the benefits of funds coming into a guardian's hands was held estopped to contend that the ap-

pointment of the guardian was void) ; *Dipuma v. Anselmo*, 137 So. 2d 76 (La. App. 1962) (where the administratrix of the succession of a deceased wife was held estopped to claim that a judgment of separation of property was void because the deceased wife had accepted benefits under the judgment) ; *Flegal v. Loveless*, 93 Ga.App. 41, 90 S. E. 2d 606 (1955) (in which the sureties on a replevy bond were held estopped to deny the jurisdiction of the court in which the levy was made).[3]

The court below was correct in granting summary judgment for Nationwide, although the order was based on a wrong reason.

*Judgment affirmed; costs to be paid by appellant.*

---

3. There are some general dicta that a party cannot be estopped to attack a void judgment, e.g., Chiaro v. Lemberis, 28 Ill. App. 2d 164, 171 N. E. 2d 81 (1960) and Coast v. Coast, 135 S. W. 2d 790 (Tex. Civ. App. 1939), but we do not find the dicta persuasive.